**HUNT, Appellant,**

v.

**HUNT, Appellee.**

[Cite as *Hunt v. Hunt* (1989), 63 Ohio App.3d 178.]

Court of Appeals of Ohio,
Montgomery County.

No. 11213.

Decided June 8, 1989.

*Carroll E. Hunt,* pro se.
*Robert A. Bostick,* for appellee.

*Per Curiam.*

Plaintiff-appellant Carroll E. Hunt appeals from the dismissal of his divorce action as a result of the trial court's finding that he had failed to prove grounds. Because this action was dismissed following the close of the plaintiff's evidence, Mr. Hunt contends that it could only have been dismissed if the trial court, pursuant to the provision for a directed verdict contained in Civ.R. 50(A)(4), after having considered the evidence most strongly in his favor, found that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted, and that conclusion was adverse to Mr. Hunt. Upon that standard, Mr. Hunt contends that the trial court erred by determining that he had failed to establish grounds for the divorce.

We conclude that the trial court had authority, pursuant to Civ.R. 41(B)(2), to weigh the evidence as the ultimate finder of facts, and to determine whether the facts and the law adduced by the plaintiff were sufficient to establish grounds for the divorce. Upon this record, we conclude that the trial court's determination that Mr. Hunt had failed to establish grounds for divorce was not against the manifest weight of the evidence. Accordingly, the judgment of the trial court dismissing Mr. Hunt's divorce action will be affirmed.

## I

The parties were married in 1979, and there are no children of this marriage. Mr. Hunt brought this action for divorce in 1988, alleging gross neglect and extreme cruelty.

Mr. Hunt is a practicing attorney, and, during both the trial and these proceedings on appeal, has represented himself. At the trial, without any apparent objection from either party, the trial court determined that it would hear the issue of grounds first, before considering other issues.

Mr. Hunt called himself as a witness, and testified in narrative form. After he was cross-examined, Mr. Hunt called Mrs. Hunt, as upon cross-examination. Finally, Mr. Hunt called his adult son, Todd Hunt. At the conclusion of Todd's testimony, Mr. Hunt rested.

Mrs. Hunt then moved to dismiss the action on the grounds that Mr. Hunt had failed to prove grounds. The trial court granted the motion to dismiss, finding insufficient proof of grounds. An order of dismissal was filed on August 11, 1988, and from that dismissal Mr. Hunt appeals.

Mr. Hunt had filed a motion for a new trial, following the order of dismissal. In an entry dated August 30, 1988, the trial court denied the motion for a new trial. In the trial court's order denying the motion for a new trial, the trial court made the following statement:

"While it was clear to the Court the parties were not compatible, it was and is the opinion of the Court there was insufficient evidence of gross neglect or extreme cruelty to warrant granting of a divorce to Plaintiff. It should also be stated that Plaintiff's allegations were not adequately corroborated by the witness."

## II

Mr. Hunt's sole assignment of error is as follows:

"The court erred in not finding that appellant had made a prima facie case of gross neglect of duty and extreme cruelty."

Essentially, Mr. Hunt contends that the motion to dismiss for failure to prove grounds was governed by Civ.R. 50(A)(4), dealing with directed verdicts, and that, pursuant to that rule, the trial court could only dismiss the action if no reasonable finder of fact could have found that Mr. Hunt had succeeded in establishing grounds for the divorce, even after crediting all of his evidence and drawing all reasonable inferences in his favor.

Civ.R. 50(A)(4) provides for the taking of a case from a jury under circumstances in which any reasonable jury could only come to one conclusion,

based on the evidence. There was no jury in this case, and the rule that applies is Civ.R. 41(B)(2), which provides, in its entirety, as follows:

"After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52 if requested to do so by any party."

In this case, findings of fact were not requested.

■ We conclude that the trial court, in determining Mrs. Hunt's motion to dismiss on failure to prove grounds, was entitled to weigh the evidence and to make a determination as the finder of facts whether, based upon the evidence submitted by Mr. Hunt, he had satisfied his burden of proof of grounds for the divorce.

Mr. Hunt's grounds for divorce were gross neglect of duty and extreme cruelty. Both of these phrases are obviously not capable of precise definition, but are elastic phrases that vest the finder of facts with broad discretion to determine whether the particular evidence of marital misconduct rises to the level of gross neglect of duty or extreme cruelty.

In a case cited by Mr. Hunt in support of his motion for a new trial, *Pearson v. Pearson* (Feb. 21, 1985), Montgomery App. No. 9097, unreported, 1985 WL 7656, we wrestled with the definitions of "gross neglect of duty" and "extreme cruelty." We concluded that:

" * * * Extreme cruelty consists of acts and conduct which destroy the peace of mind and happiness of one of the parties to the marriage and thereby render the marital relationship intolerable. *Ginn v. Ginn* (1960), 112 Ohio App. 259 [16 O.O.2d 164, 175 N.E.2d 848]. Gross neglect of duty is the failure of one party to perform a marital duty attended by circumstances of indignity or aggravation, *Kennedy v. Kennedy* (1959) [111 Ohio App. 432], 12 O.O.2d 201 [165 N.E.2d 454], and depends on the particular circumstances of the case. *Glimcher v. Glimcher* (1971), 29 Ohio App.2d 55 [58 O.O.2d 37, 278 N.E.2d 37]. The determination of what facts constitute a gross neglect of duty or extreme cruelty in a given case must be left to the discretion of the trial court, and in making its determination the court may exercise a broad but sound discretion. 48 Ohio Jurisprudence 3d (1983), 272, *Family Law*, Section 1126."

In *Pearson v. Pearson, supra,* we applied the abuse of discretion test set forth in *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140. That test is whether the trial court's decision was unreasonable, arbitrary or unconscionable. In *Pearson,* we concluded that the trial court's determination that the plaintiff had proved grounds was within the trial court's discretion. In that case, there was evidence to support a conclusion by the trial court that the plaintiff had been humiliated by being forced frequently to attend adult movies with her husband, even though she found them to be extremely offensive, and that the defendant husband had neglected his marital duties by expending substantial sums in gambling at cards, thereby causing his minor children to go without. We noted that the trial court could, based on that evidence, conclude that the defendant husband had, through his acts and omissions, caused the marital situation to be intolerable.

In the case before us, Mr. Hunt testified as to numerous grievances. Some of these, such as Mrs. Hunt's having installed a "closet organizer" in a closet that she used, against his expressed better judgment, frankly appear to be rather trivial. Others, such as his wife's having given away the ten-year-old car that he had purchased for her, after his son had expressed an interest in purchasing the car for his own use, are less trivial, but were disputed. In her cross-examination testimony, Mrs. Hunt denied that she was aware that Mr. Hunt's son had expressed an interest in purchasing the automobile. Also, she testified concerning Mr. Hunt's having purchased a truck shortly before then, without having consulted her, when, because of her employment, it could be expected that she could have obtained a much better price for the truck.

Significantly, the only corroborating witness offered by Mr. Hunt, his son, Todd Hunt, only testified concerning the fact that he had expressed an interest in purchasing the car, in Mrs. Hunt's presence. However, his testimony indicated that this was a conversation between himself and his father, during an automobile ride with his father driving, and with Mrs. Hunt sitting in the passenger seat. He did not testify that Mrs. Hunt had acknowledged his expression of interest in purchasing the automobile, and the trial court would not have been required to conclude, from his testimony, that Mrs. Hunt was aware of the conversation, even though she was sitting in the passenger seat at the time of the conversation. She denied having been aware of the conversation.

The only other testimony given by Todd Hunt was that, after undisclosed conversations that he had with his wife, concerning conversations that his wife had had with Mrs. Hunt, his opinion of Mrs. Hunt, whom he said he liked, "would incline to be a little worse." This is simply too mysterious to be any meaningful corroboration of Mr. Hunt's testimony.

Mr. Hunt's grievances recited during his narrative testimony were numerous, but we can see no useful purpose in discussing them at length in this opinion. We have reviewed the entire transcript and we are satisfied that the trial court did not abuse its discretion in finding, based upon this evidence, that Mr. Hunt had failed to prove gross neglect of duty attended by circumstances of indignity or aggravation, or of extreme cruelty rendering the marital relationship intolerable.

Mr. Hunt's sole assignment of error is overruled.

### III

Mr. Hunt's sole assignment of error having been overruled, the judgment of the trial court will be affirmed.

*Judgment affirmed.*

WOLFF, P.J., WILSON and FAIN, JJ., concur.