OPINION
Defendant-appellant, Robert W. Kaminski, appeals a decision by the Clermont County Court of Common Pleas, Domestic Relations Division, granting plaintiff-appellee, Rebecca A. Kaminski, a divorce. Appellant also appeals the court's decision requiring appellant to pay part of his children's private school tuition. We affirm.
Appellant and appellee were married for twenty-three years. Appellee filed for divorce on March 16, 1995, alleging extreme cruelty. Appellant filed a motion to dismiss the divorce complaint, and hearings were held concerning the motion on July 24, 1995 and October 5, 1995.
Appellee testified concerning the alleged abuse inflicted by appellant amounting to "extreme cruelty." Dr. Thomas DeVoge, a clinical psychologist, also testified as an expert witness concerning appellee's mental state. Dr. DeVoge testified that based upon his examination and testing of appellee, he felt that appellant's actions had an adverse mental impact on appellee. The trial court overruled the motion to dismiss the complaint on November 2, 1995. On November 17, 1995, the court entered a judgment entry stating that the court "finds that [appellee] has established, by credible and competent evidence, `extreme cruelty' as grounds for her divorce."
A hearing was held on May 21, 1996 to decide property issues. At the hearing, appellant attempted to call Dr. Stuart Bassman as a witness to rebut the testimony of Dr. DeVoge. The trial court sustained an objection by appellee on the ground that Dr. Bassman's testimony would be improper because he would be testifying concerning a matter already settled by the court.
On August 9, 1996, the trial court issued a decision on divorce and a decree of divorce. In the decree of divorce, the court ordered "that the children shall continue to attend private school through high school, unless otherwise agreed between the parties." The cost of the tuition is to be split between the parties proportionate to their incomes. Their children are: Benjamin, born on April 11, 1981; Nicholas, born on March 15, 1984; and Stephanie, born on March 29, 1987. The children attended private school before the divorce. On appeal, appellant raises three assignments of error.
Assignment of Error No. 1:
 THE COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY RULING THAT [APPELLEE] HAD PROVED GROUNDS FOR DIVORCE AND SUBMITTED CORROBORATING EVIDENCE.
Appellant argues that the trial court did not have any corroborating evidence proving he had been extremely cruel to appellee. Extreme cruelty is one of the proper grounds for the granting of a divorce. R.C. 3105.01(D). "Extreme cruelty consists of acts and conduct which destroy the peace of mind and happiness of one of the parties to the marriage and thereby render the relationship intolerable." Hunt v. Hunt (1989), 63 Ohio App.3d 178,181, quoting Ginn v. Ginn (1960), 112 Ohio App. 259, 262. Extreme cruelty is not limited "to acts of physical violence or the reasonable apprehension thereof, but is sufficiently broad to encompass acts and conduct the effect of which is calculated to permanently destroy the peace of mind and happiness of one of the parties to the marriage and thereby render the marital relationship intolerable." Verplatse v. Verplatse (1984), 17 Ohio App.3d 99,100; Miller v. Miller (Jan. 17, 1995), Madison App. No. CA94-08-031, unreported, slip opinion at 3.
Civ.R. 75(L) states that "[j]udgment for divorce * * * shall not be granted upon the testimony or admission of a party not supported by other credible evidence." The other credible evidence "must merely substantiate the testimony of a party, but need not support it in every detail." Sindel v. Sindel (App. 1975), 7 O.O.3d 223, 225. The reason for this is that "many private details concerning the grounds for divorce are within the exclusive knowledge of the parties themselves." Id.
The trial court has the authority to weigh the evidence as the ultimate finder of facts and to determine whether the facts and the law addressed by the parties are sufficient to establish grounds for divorce. Hunt, 63 Ohio App.3d at 179. The trial court has broad discretion in determining the proper grounds for divorce and will not be overturned absent an abuse of discretion. Buckles v. Buckles (1988), 46 Ohio App.3d 102, 116. A decision constitutes an abuse of discretion if it is "unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
In the present case, the trial court found that there was competent and credible evidence presented concerning appellant's conduct toward appellee to warrant a finding of extreme cruelty. Some of the evidence presented included the testimony of a neighbor who testified that after an argument with appellant, appellee "was very pale, she wasn't smiling, [and] she looked like she was under a great deal of stress from the look on her face." Appellant had also been overheard yelling at appellee "in very angry tones, [in] very loud volume." Dr. DeVoge testified that in his opinion, appellee was suffering from a verbally abusive relationship.
After having reviewed the record, we find that the trial court did not abuse its discretion in finding extreme cruelty. Evidence was presented from sources besides appellee's testimony that the trial court could properly rely upon. Appellant's first assignment of error is accordingly overruled.
Assignment of Error No. 2:
 THE COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY PERMITTING THE TESTIMONY OF DR. DeVOGE OVER APPELLANT'S OBJECTION, AND [BY] EXCLUD[ING] THE TESTIMONY OF DR. BASSMAN OFFERED BY APPELLANT.
Evid.R. 401 states that relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. One of the elements of extreme cruelty is "* * * peace of mind and happiness of one of the parties to the marriage." Hunt,63 Ohio App.3d at 181. Dr. DeVoge testified concerning appellee's state of mind and mental stability. This testimony was relevant and admissible for the purpose of determining whether appellee had suffered extreme cruelty.
Appellant attempted to introduce testimony from Dr. Bassman, also a clinical psychologist, to rebut the testimony of Dr. DeVoge. However, appellant attempted to have Dr. Bassman testify at the May 21, 1996 hearing, six months after the court had already ruled that appellee had proven extreme cruelty. Appellant in effect tried to reopen an issue already decided by the court. Appellant was not denied an opportunity to have Dr. Bassman testify at an earlier hearing, and appellant did not ask for a continuance to allow for more time to rebut Dr. DeVoge's testimony. The trial court properly refused to permit Dr. Bassman to testify. Appellant's second assignment of error is overruled.
Assignment of Error No. 3:
 THE COURT ERRED IN RULING THAT DEFENDANT SHALL PAY THE OUTSTANDING TUITION AND HIS PROPORTIONAL SHARE OF PRIVATE SCHOOL TUITION.
Appellant argues that it was improper for the trial court to force him to help pay tuition so his children can attend private school. The trial court's order was a deviation from the child support guidelines. A trial court's award of child support that includes a deviation from the child support guidelines will not be overturned absent an abuse of discretion. Booth v. Booth (1989), 44 Ohio St.3d 142, 144.
Any deviation from the child support guidelines must be in the best interest of the children and supported by findings of fact specifically justifying the deviation. Gatliff v. Gatliff (1993),89 Ohio App.3d 391, 394, following Marker v. Grimm (1992),65 Ohio St.3d 139. In contemplating a deviation, a court may consider "[t]he need and capacity of the child for an education and the educational opportunities that would have been available to him had the circumstances requiring a court order for his support not arisen." R.C. 3113.215(B)(3)(n). It is proper for a court to order a parent to pay private school tuition when the court determines that 1) it is in the best interest of the child to have private schooling; 2) the payor(s) can afford to pay the tuition; 3) the children have been in private schooling; and 4) private schooling would have continued if not for the ending of the marriage. Brock v. Brock (Nov. 17, 1995), Montgomery App. No. 15075, unreported, at 3.
In the present case, the trial court found that it was in the best interest of the parties' children to remain enrolled in private schools. The court stated that considering "the level of education that the parties' children have received during the marriage, the Court finds that it would be unjust and inappropriate not to provide for a continuation of said education." The court found that the parties could continue to afford the tuition and divided the tuition expenses between the parties in proportion to their respective incomes. The court's order does not extend the tuition payments to education beyond high school.
The trial court did not abuse its discretion and properly considered the best interest of the children in its deviation from the child support guidelines. Appellant's third assignment of error is accordingly overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.