OPINION
Defendant-appellant Jane Bernard (Jane) appeals the decision of the Columbiana County Common Pleas Court, Domestic Relations Division, granting a divorce to plaintiff-appellee Vincent Bernard (Vincent). This court is asked to determine if the trial court abused its discretion by denying Jane an award of spousal support, attorney fees, and by imposing restrictions upon Jane's visitation with her children. For the reasons discussed below, the decision of the trial court is affirmed in part, reversed in part and remanded for a hearing consistent with this judgment.
 FACTS
Vincent and Jane were married on July 30, 1977. The couple had two children. The marriage deteriorated and Jane began an adulterous relationship with Harold Franklin (Harold) in December 1998. Vincent filed a complaint for divorce on June 18, 1999, based on extreme cruelty, gross neglect of duty, and incompatibility. Jane counterclaimed for divorce, alleging incompatibility.
Jane moved out of the martial residence in May 1999. After living for a short period of time with her parents and one of her close friends, Jane moved in with Harold.
The trial was scheduled for February 16, 1999. On the eve of trial, Vincent disclosed his intention to call witnesses who were not previously disclosed to Jane. Jane filed a motion in limine asking the court to deny Vincent the opportunity to call these witnesses. The trial court proceeded to trial, but postponed the testimony of the undisclosed witnesses to allow Jane the time and opportunity to prepare for those witnesses. The testimony of the undisclosed witnesses was heard on February 22, 1999.
The trial court granted Vincent a divorce based upon gross neglect of duty and extreme cruelty. The trial court denied Jane's counterclaim based on incompatibility. The trial court did not award any spousal support to Jane. The trial court granted Vincent custody of the children. Jane was awarded restricted visitation. The trial court denied Jane's request for attorney fees. This timely appeal followed.
 STANDARD OF REVIEW
Absent an abuse of discretion, this court will not reverse the trial court's judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217 (an abuse of discretion standard applies to spousal support); Miller v.Miller (1988), 37 Ohio St.3d 71 (appellate courts review child custody decisions under an abuse of discretion standard); Booth v. Booth (1989),44 Ohio St.3d 142 (appellate courts review visitation cases under an abuse of discretion standard); O'Brien v. Angley (1980), 63 Ohio St.2d 159,163 (trial court has broad discretion in admitting evidence during trial); Rand v. Rand (1985), 18 Ohio St.3d 356, 359 (appellate courts review an award of attorney fees under an abuse of discretion standard). A trial court abuses its discretion when it acts in an unreasonable, arbitrary, or unconscionable manner. Blakemore, 5 Ohio St.3d 217. Under an abuse of discretion standard, an appellate court may not substitute its own judgment in place of the trial court's judgment. In re Jane Doe1 (1990), 57 Ohio St.3d 135, 137-138. Appellate courts give great deference to the findings and conclusions of the trial court. Fuller v.Fuller (1983), 10 Ohio App.3d 253.
 FIRST ASSIGNMENT OF ERROR
Jane raises six assignments of error on appeal, the first of which contends:
 "THE TRIAL COURT ERRED IN FAILING TO GRANT A DIVORCE ON THE GROUNDS OF INCOMPATIBILITY WHEN IT WAS ADMITTED BY BOTH PARTIES."
Jane insists that since both parties pled incompatibility in their complaints, the trial court abused its discretion by failing to grant the divorce on that ground. Vincent responds that the record supports the trial court's grant of divorce on the grounds of extreme cruelty and gross neglect of duty.
R.C. 3105.01(K) states that a common pleas court may grant a divorce based upon the ground of incompatibility unless it is denied by either party. In 1991, the Fourth District Court of Appeals explained the requirement that incompatibility can be a ground for divorce unless a party denies the allegation of incompatibility. Lehman v. Lehman (1991),72 Ohio App.3d 68. The Lehman court explained that incompatibility has been described as a status that is agreed upon by both parties; it is consensual and not intended to be litigated. Lehman, 72 Ohio App.3d 68. Jane insists that the above statement means that if both parties plead incompatibility, the court must grant the divorce for that reason. However, the Lehman court did not make that finding. In saying the ground of incompatibility was not intended to be litigated, the Lehman court meant a divorce on such ground could not be granted unilaterally over the objection of the other party. Byers v. Byers (Feb. 5, 2001), Stark App. No. 2000CA000159, unreported. Incompatibility was added by H.B. 129 and "the requirement that the allegation of incompatibility not be denied by either party was included to prevent the unilateral declaration of incompatibility by one party which would otherwise give the court jurisdiction to terminate the marriage and make all concomitant orders."Lehman, 72 Ohio App.3d at 71, citing Baldwin's Ohio Domestic Relations Law (Supp. 1989) 23, Section 23.03(1). The above statements do not mean that when both parties plead incompatibility, the divorce must be granted on the ground of incompatibility. A trial court has broad discretion to determine the proper grounds for divorce. Buckles v. Buckles (1988),46 Ohio App.3d 102, 116. The same broad discretion is extended to a trial court's determination of whether the facts of the case satisfy the ground(s) used to grant the divorce. Hunt v. Hunt (1989),63 Ohio App.3d 178, 182.
Evidence adduced at trial supports the trial court's finding of both extreme cruelty and gross neglect of duty. Jane admitted to infidelity during the marriage. Dereliction of the duty of fidelity by one spouse constitutes sufficient grounds to grant a divorce to the other spouse based upon gross neglect of duty. Slater v. Slater (Dec. 19, 1988), Noble App. No. 198, unreported. Extreme cruelty consists of acts and conduct which destroy the peace of mind and happiness of one of the parties to the marriage and thereby render the marital relationship intolerable.Hunt, 63 Ohio App.3d at 181, citing Ginn v. Ginn (1960), 112 Ohio App. 259. The determination of what facts constitute extreme cruelty is left to the discretion of the trial court, and in making its determination the court may exercise a broad, but sound discretion. Hunt, 63 Ohio App.3d at 181. The facts adduced at trial show that Jane informed Vincent of the affair, but continued to have the affair. The trial court did not abuse its discretion in finding either extreme cruelty or gross neglect of duty. Furthermore, R.C. 3105.171, the property division statute, and R.C. 3105.18, the spousal support statute, do not list fault as a factor to consider in dividing the assets or in an award of alimony. Lemon v.Lemon (1988), 42 Ohio App.3d 142, 145; Thyer v. Robinson (Nov. 30, 2000), Lucas App. No. L-00-1089, unreported (holding trial court's grant of divorce on incompatibility pled by both parties did not prejudice one party even though that party also presented evidence on extreme cruelty and gross neglect of duty). The legislature did not intend for marital misconduct to be a factor in the analysis. Id. Therefore, Jane was not unfairly prejudiced by the trial court's ruling.
In addition to the above argument, Jane asserts that the trial court should have granted a divorce to her based upon incompatibility after the court had already granted Vincent a divorce on the grounds of extreme cruelty and gross neglect of duty. The trial court did not commit prejudicial error when it failed to grant a divorce based upon incompatibility for Jane after granting a divorce to Vincent based upon gross neglect of duty and extreme cruelty. Sancho v. Sancho (July 15, 1994), Union App. No. 14-94-3, unreported (holding that trial court erred by granting a divorce on incompatibility when denied by one party and the record supported a grant of divorce on grounds of extreme cruelty, however appellate court stated that party was not prejudiced by granting divorce on incompatibility grounds); Briskey v. Briskey (July 23, 1998), Cuyahoga App. NO. 73368, unreported (holding that trial court granted divorce on grounds of incompatibility rather than extreme cruelty was not an abuse of discretion when party failed to show prejudice). The first assignment of error lacks merit.
 SECOND ASSIGNMENT OF ERROR
Jane's second assignment of error contends:
 "THE TRIAL COURT ERRED IN DENYING APPELLANT/WIFE'S MOTION IN LIMINE WHEN APPELLEE/HUSBAND FAILED TO COMPLY WITH PRETRIAL ORDERS AND DISCOVERY REQUESTS."
Jane argues that the trial court abused its discretion by allowing the undisclosed witnesses to testify and failing to award her reasonable expenses for Vincent's failure to comply with the Rules of Civil Procedure. Vincent argues that Jane was neither surprised nor prejudiced by the calling of the undisclosed witnesses and that it was within the trial court's discretion to award expenses.
A. TESTIMONY OF THE UNDISCLOSED WITNESSES
Excluding testimony of an undisclosed witness is not an abuse of discretion when the nondisclosure caused unfair surprise and prejudice to the opposing party. Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83. However, "the exclusion of reliable and probative evidence is a severe sanction and should be invoked only when clearly necessary." Nickey v.Brown (1982), 7 Ohio App.3d 32, 34.
The Ninth District Court of Appeals has looked to four noninclusive factors to determine whether the admission of testimony from the undisclosed witness is a surprise and prejudicial to the other party. The first factor is the complexity of the subject matter. Trajcevski v. Bell
(1996), 115 Ohio App.3d 289. Second, is the ability of the party moving for exclusion to interview the witness. Anderson v. Lorain County TitleCo. (1993), 88 Ohio App.3d 367. The more time a moving party has to interview the witness decreases the amount of surprise and prejudice that would result from allowing the testimony. See Id. Third, the knowledge that the moving party has of the undisclosed witness' testimony. Jonesv. Jones (Nov. 27, 1991), Summit App. No. 15116, unreported. The more knowledge the moving party has about an undisclosed witness' testimony decreases the amount of surprise and prejudice that would result from allowing the testimony. See Id. Fourth, whether the subject matter of the testimony from the undisclosed witness is cumulative of testimony from a disclosed witness. Anderson, 88 Ohio App.3d 367.
It is clear after looking at each of these factors that the trial court did not abuse its discretion by allowing the testimony of the undisclosed witnesses. First, the subject matter was not very complicated. The testimony of the undisclosed witnesses concerned Jane's relationship with Harold and Harold's reputation as a morally unsavory individual. This testimony concerned the custody and visitation of the children. Furthermore, the trial court continued the case for four business days, six calendar days. This allowed Jane an ample opportunity to interview and prepare for the testimony of these witnesses. Jane has failed to show a prejudicial effect in allowing the testimony. The trial court did not abuse its discretion in allowing the testimony of the witnesses.
B. REASONABLE EXPENSES FOR FAILING TO COMPLY WITH DISCOVERY RULES
Civ.R. 37 (D) states:
 "In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees caused by the failure, unless the court expressly finds that the failure was substantially justified or that other circumstance make an award of expenses unjust." (Emphasis added).
The language of Civ.R. 37(D) mandates an order of reasonable expenses unless the trial court makes an express finding indicating otherwise.Soloman v. Excel Marketing, Inc. (1996), 114 Ohio App.3d 20, 27. Absent an express finding that the failure to comply was substantially justified or that other circumstances would make an award unjust, the trial court must grant a party's request for reasonable expenses. Soloman,114 Ohio App.3d at 28; Bobko v. Sagen (1989), 61 Ohio App.3d 397, 413; Babb v. FordMotor Co. (1987), 41 Ohio App.3d 174, 180; Rogers v. Kazee (1983),10 Ohio App.3d 139, 142; Bilikam v. Bilikam (1982), 2 Ohio App.3d 300.
The trial court's statement that an award was not necessary or appropriate is not an express finding that the failure to comply with the Rules of Civil Procedure was substantially justified or that an award of expenses was unjust. Carpenter v. United Ohio Ins. Co. (May 9, 1997), Crawford App. No. 3-96-16, unreported. In Carpenter, one party requested an order compelling discovery. The court ordered the non-moving party to comply. Instead of complying with the order, the nonmoving party requested an in camera inspection. The trial court determined that the information sought was discoverable. However, the trial court held that reasonable expenses were "not appropriate." The Third Appellate District held the trial court's finding that reasonable expenses were not appropriate did not satisfy the Rules of Civil Procedure. Id. We agree with our sister district. It is inconsequential that Jane did not file a motion to compel. The language of Civ.R. 37(D) authorizes an award of reasonable expenses without an order to compel discovery.
This assignment of error lacks merit as it pertains to the exclusion of testimony. However, the assignment of error is with merit in regards to reasonable expenses.
 THIRD ASSIGNMENT OF ERROR
Jane's third assignment of contends:
 "THE TRIAL COURT ERRED IN FAILING TO AWARD SPOUSAL SUPPORT SOLELY ON THE FACT THAT APPELLANT/WIFE MOVED IN WITH ANOTHER MAN THREE MONTHS BEFORE THE TRIAL."
Jane asserts that she is entitled to $1,000 a month for seven years or a lump sum of $65,000 for spousal support. Jane claims that the trial court did not make a cohabitation finding and even if it did, that decision has no impact upon a spousal support award.
We disagree with Jane's arguments. A finding of cohabitation can have a direct impact on a spousal support award. Trial courts have the power to terminate or reduce an award of spousal support based on cohabitation.Moell v. Moell (1994), 98 Ohio App.3d 748. While R.C. 3105.18(C) lists a number of factors for a trial court to consider when determining spousal support, cohabitation is not expressly listed as a factor. However, R.C.3105.18(C)(1)(n) states that any other factor that the trial court expressly finds to be relevant and equitable can be used to determine spousal support. Furthermore, if cohabitation after a divorce decree is grounds for modification or termination of spousal support, then cohabitation during the pendency of the divorce should logically be a factor to bar an original award of support. See Vaughan v. Vaughan (June 14, 1995), Muskingum App. No. CT94-22, unreported, (vacating and remanding the trial court's award of spousal support on the grounds that the appellate court was unable to determine if the trial court intended the spousal support to be a part of the parties property settlement). Therefore, the trial court properly considered cohabitation as a factor in determining spousal support.
It is a well established principle in Ohio that the question of cohabitation is to be determined by the trier of fact. Fuller,10 Ohio App.3d 253. In order for a trial court to make a finding of cohabitation the following three elements must be met: 1) actual living together; 2) for a sustained duration; 3) with shared expenses with respect to financing and day-to-day incidental expenses. Moell,98 Ohio App.3d 748. The trial court's journal entry does not expressly state that Jane cohabits with Harold. However, the trial court made findings as to each of the three requirements in the journal entry. Furthermore, the record reflects sufficient credible evidence to support a finding of cohabitation.
Jane argues that this court has previously ruled that an award of spousal support is not barred by the fact that the wife was cohabiting with another man. Nemeth v. Nemeth (1977), 117 Ohio App.3d 554; Patseyv. Patsey (Dec. 16, 1998), Columbiana App. No. 96CO52, unreported. While the above statement is a correct reading of those cases, the above statement does not mean that the ex-spouse who cohabits with another person is always entitled to spousal support. In Nemeth, we stated that despite the fact that the ex-wife was living with another man, the record was devoid of any evidence that the ex-wife and paramour were sharing living expenses. In Patsey, the trial court stated that it had considered the cohabitation of the wife and made proper adjustments to the award of spousal support. Therefore, given the circumstances of the parties in both of these cases, a need for spousal support was shown and the trial court did not abuse its discretion in awarding spousal support. Nemeth,117 Ohio App.3d 554; Patsey, Columbiana App. No. 96CO52. However, in the case at bar, the trial court properly considered all evidence and testimony and decided to deny Jane spousal support. The trial court considered the cohabitation of Jane and Harold and adjusted the award of spousal support accordingly. The trial court stated that Jane lives in a lifestyle equal or very similar to the life she lived with Vincent. Therefore, spousal support was not warranted.
The trial court stated that Jane was the cause of the divorce and it was her choice to leave the marriage. The fact that Jane may or may not have been the cause of the marriage failing is no concern of the trial court in determining spousal support. Whether an ex-spouse deserves
spousal support is not a basis for awarding or failing to award spousal support. Bowen v. Bowen (1999), 132 Ohio App.3d 616, 626. (Emphasis added). The only relevant question is what is appropriate and reasonable under the circumstances. Id. Here, the trial court acted improperly in using this factor as a part of its basis in ruling. However, that impropriety is not a ground to reverse as the trial court articulated other justifiable reasons for denying an award of spousal support. Therefore, the trial court did not abuse its discretion. The third assignment of error lacks merit.
 ASSIGNMENT OF ERROR NO. FOUR
Jane's fourth assignment of error contends:
 "THE TRIAL COURT ERRED IN NOT GRANTING SHARED PARENTING WHEN ITS FINDINGS SUPPORTED A SHARED PARENTING ARRANGEMENT AND WHEN APPELLEE/HUSBAND CONSENTED TO A SHARED PARENTING ARRANGEMENT."
Jane argues that the trial court did not enter findings in the record supporting its decision to deny the shared parenting plan. Furthermore, Jane insists that the trial court's findings as to the factors set forth in R.C. 3109.04(F)(2) mandate a decree of shared parenting.
It must be stated at the outset that Vincent never agreed to the shared parenting plan set forth by Jane. Vincent expressed concerns about the influence Harold could have on the children. By the trial court's journal entry it is obvious that the trial court had some of the same concerns that Vincent had expressed.
When a trial court determines whether a shared parenting plan is in the best interest of the children, it is required to consider all relevant factors including the factors listed in R.C. 3109.04(F)(1), the factors enumerated under R.C. 3113.215, and the factors listed in R.C.3109.04(F)(2)(a)-(e). R.C. 3109.04(F)(2). The factors listed under R.C.3109.04(F)(2) appear to indicate a shared parenting plan is in the best interest of the children. The trial court specifically found the parents had an ability to cooperate with respect to the children. R.C.3109.04(F)(2)(a). It was also found that there is an affection and loving relationship between each parent and the children. R.C. 3109.04(F)(2)(b). There was no finding of a history of child or spousal abuse. R.C.3109.04(F)(2)(c). The trial court also noted that the parents lived in close geographical proximity to each other. R.C. 3109.04(F)(2)(d). Despite all of these findings the trial court denied the shared parenting plan due to the factors listed in R.C. 3109.04(F)(1).
R.C. 3109.04(F)(1)(c) states that in determining the rights and responsibilities of a parent, the court shall consider the child's interaction and interrelationship with his/her parents, siblings, and any other person who may significantly affect the child's best interest. The trial court's findings regarding Harold indicate a valid concern for the best interests of the children. The trial court heard testimony that Harold had supplied marijuana to his daughter. The trial court was also concerned about domestic violence in the home where Jane lived with Harold. Harold threatened the life of Jane twice before. For those reasons, the trial court denied Jane's shared parenting plan.
While the trial court did not specifically state that it denied the shared parenting plan, it is obvious from the court's findings that it was denied. Furthermore, the trial court's findings regarding Harold indicate why it denied the motion for shared parenting. The trial court did not abuse its discretion by not granting Jane's motion for shared parenting and granting custody of the children to Vincent. This assignment of error lacks merit.
 ASSIGNMENT OF ERROR NO. FIVE
Jane's fifth assignment of error alleges:
 "THE TRIAL COURT ERRED IN RESTRICTING APPELLANT/WIFE'S COMPANIONSHIP WHEN THE CHILDREN HAD NEVER MET THE GENTLEMAN WITH WHOM SHE WAS LIVING AND WHEN THERE WAS NO EVIDENCE OF ANY KIND OF ANY ADVERSE IMPACT ON THE CHILDREN."
Jane insists that the testimony indicating that Harold could have negative influence on the children did not show that there was a direct or probable adverse impact on the children. Jane further asserts that the trial court did not consider any of the factors in R.C. 3109.051.
In determining whether to grant visitation rights to a parent, the trial court considers the factors listed in R.C. 3109.051(D). The journal entry does not specifically cite to the factors listed under R.C.3109.051(D). However, it is not an abuse of discretion when it appears from the journal entry that some of the factors under that section were addressed. Locke v. Locke (Nov. 30, 1998), Columbiana App. No. 97CO21, unreported.
The trial court considered a number of factors under R.C. 3109.051(D). The trial court looked at the ages of the children. R.C. 3109.051(D)(4). The trial court also considered the close geographical proximity in which Jane and Vincent live. R.C. 3109.051(D)(2). The trial court's findings in regards to Harold, as discussed earlier, indicate the court's concern for the health and well being of the children. R.C. 3109.051(D)(7). The trial court was concerned with the possibility that domestic violence would occur in Jane and Harold's home. This specifically goes to the safety, welfare, and best interest of the children. R.C. 3109.051(D)(7); R.C.3109.051(D)(16).
Jane argues that any allegedly immoral conduct must have been shown to have a direct, adverse impact on the children before it can be considered. The authority that Jane cites for this proposition discusses the rule that immoral conduct must be shown to justify a change of custody. In re Adoption of Charles B (1990), 50 Ohio St.3d 88, 92
(emphasis added). These case are not discussing an initial award of custody. Furthermore, the trial court's ruling was based on the safety, health, and best interests of the children. Evidence was presented that Harold supplied marijuana to his daughter and that drug use occurred in Harold's house. Evidence was also presented that Harold threatened Jane's life twice and during one of those threats Jane took her children to her parents to ensure their safety. The conditions were put in place to protect the best interests of the children. For these reasons, the trial court did not abuse its discretion by imposing limitations on visitation. This assignment of error lacks merit.
 ASSIGNMENT OF ERROR NO. SIX
Jane's sixth assignment of error alleges:
 "THE TRIAL COURT ERRED IN FAILING TO AWARD APPELLANT/WIFE ATTORNEY FEES AS A MEANS OF PUNISHING HER FOR PURSUING HER LEGAL RIGHTS."
Jane argues that the trial court erred by denying her attorney fees on the basis that she was the cause of the divorce. Vincent responds that Jane was not prevented from fully litigating her rights and it was within the trial court's discretion to award attorney fees.
R.C. 3105.18(H) provides:
 (H) In divorce or legal separation proceedings the court may award reasonable attorney's fees to either party at any stage of the proceedings * * * if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees." (Emphasis added).
The language of the statute states that the court may award attorney fees, it does not use the word shall. Therefore, it is in the court's discretion to award fees; it is not mandatory. State ex rel. City ofNiles v. Bernard (1978), 53 Ohio St.2d 31, 34.
In the trial court's findings of fact and conclusions of law, it stated that Vincent would not be able to pay spousal support due to the debt he accumulated by mortgaging the home to distribute Jane's share of the marital property to her. Therefore, Vincent did not have the ability to pay the attorney fees. Furthermore, payment of attorney fees is primarily the function of the party who retains the attorney, and is not an equal obligation of both parties. Bowen, 132 Ohio App.3d at 642. Neither party was prevented from adequately pursuing and protecting their rights. Given the above facts, this court finds no clear showing of an abuse of discretion in the trial court's order denying attorney fees.
It must be noted that the trial court once again stated in determining attorney fees that Jane was the cause of the divorce. This was an improper statement. As discussed earlier, under assignment of error number three, a trial court cannot base its determination of spousal support, which includes attorney fees, upon fault. Id. at 626. It is not a determination of whether an ex-spouse deserves the award, but whether there is a need for the award. Id. However, given the trial court's reliance on other factors to determine attorney fees, it did not clearly abuse its discretion in denying the award. This assignment of error lacks merit.
For the foregoing reasons, the decision of the trial court is hereby affirmed in part, reversed in part and this cause is remanded to the trial court to determine if reasonable expenses are warranted for Vincent's failure to comply with the discovery rules.
Waite, J., concurs.
DeGenaro, J., concurs.