LEHMAN, Appellant,

v.

LEHMAN, Appellee.

[Cite as *Lehman v. Lehman* (1991), 72 Ohio App.3d 68.]

Court of Appeals of Ohio,
Hocking County.

No. 89 CA 16.

Decided Jan. 8, 1991.

*Lappen, Lilley, Kernen & Co., L.P.A.,* and *Will Kernen,* for appellant.
*Edwin C. Johnston,* for appellee.

HARSHA, Judge.

This is an appeal from a judgment entered entered by the Hocking County Court of Common Pleas which dismissed the divorce complaint filed by Janet

Louise Lehman, plaintiff-appellant, against Maynard F. Lehman, defendant-appellee. Appellant assigns the following errors:

"1. The court committed error in failing to grant plaintiff a divorce on the grounds of incompatibility.

"2. The court committed error in failing and refusing to rule upon plaintiff's motion for leave to amend the complaint, and in failing and refusing to address said motion either upon the record, in its entry, or in its findings of fact and conclusions of law."

On May 29, 1975, the parties were married, and on October 3, 1975, their son, Adam T. Lehman, was born. On July 19, 1989, appellant filed a complaint which prayed for a divorce from appellee on the ground that he had been guilty of gross neglect of duty. Appellant's complaint further prayed for custody of the parties' minor child and an equitable adjustment of the parties' property rights. On August 11, 1989, appellee filed an answer to appellant's complaint which denied that he had been guilty of gross neglect of duty and requested that appellant's complaint be dismissed.

On December 21, 1989, a hearing was held at which the following pertinent evidence was adduced. The parties had resided together until April 1989, when appellee, who was a quadriplegic, was placed in the Logan Health Care Center. According to appellant's testimony, appellee was extremely possessive and jealous of her and, furthermore, they were not compatible as husband and wife. Appellee testified that the instances of "jealousy" specified by appellant arose from being upset about finding love letters written by appellant to an instructor at Hocking Technical College as well as when he discovered that appellant had been dating someone else. Appellee further testified that he did not want the parties' marriage to be terminated, that he was still in love with appellant, and that he had never revoked a power of attorney which he had given to appellant. Patricia Greenwood testified that during the period of time the parties were living together, they seemed very cordial. Attorney G. Drew Rolston testified that at the time he drafted a power of attorney for the parties, there was no marital discord.

At the conclusion of the trial, appellant's counsel moved the trial court to allow the amendment of appellant's complaint pursuant to Civ.R. 15(B) to allege the additional ground of incompatibility of the parties. The trial court took the matter under advisement and did not rule on appellant's motion at trial. On December 29, 1989, the trial court entered judgment dismissing appellant's complaint for divorce on the stated rationale "that the evidence in support of the plaintiff's claim for divorce is insufficient to establish any cause under Section 3105.01 of the Ohio Revised Code." On the same date, appellant filed a request for findings of fact and conclusions of law pursuant to Civ.R. 52. On January 31, 1990, the trial court filed findings of fact and

conclusions of law which included the conclusion "that the plaintiff has failed to prove by a preponderance of the evidence that the defendant's behavior constitutes grounds for divorce under Ohio law." The trial court did not expressly indicate in either its judgment entry or its findings of fact and conclusions of law that it was overruling appellant's Civ.R. 15(B) motion to amend her complaint to conform to the evidence adduced at the divorce trial.

■ Appellant's first assignment of error asserts that the trial court erred in failing to grant appellant a divorce on the ground of incompatibility. This case presents the judicial system with a tragic and frustrating situation, one which we are not well-equipped to address. Appellant has been married to her husband, the appellee, since 1975. Appellant obviously no longer loves her husband and apparently wishes to terminate the marriage in order to establish another permanent relationship. The husband is a quadriplegic who requires extensive care and has relatively recently been placed in a health care facility. He professes to still love his wife and does not want their legal relationship to end in spite of the obvious demise of their physical and emotional bonds. By requiring the couple to legally remain husband and wife, the courts cannot create or foster love where the relationship has deteriorated to hopelessness. Conversely, is it fair and reasonable to allow one party to break the marital bonds regardless of the other spouse's desires? Should one spouse be able to compel the other to maintain a legal relationship which has no physical or emotional foundation? The question of how to proceed with such a marital dilemma is largely one of public policy, which most appropriately must be addressed by the legislature.

In that regard, the General Assembly has set forth specific statutory grounds for divorce in R.C. 3105.01 which establish this state's public policy framework for terminating the marital relationship. Notable by its absence from the list of statutory grounds for divorce is the unilateral desire of one spouse to end the marriage. R.C. 3105.01 provides as follows:

"The court of common pleas may grant divorces for the following causes:

"(A) Either party had a husband or wife living at the time of the marriage from which the divorce is sought;

"(B) Willful absence of the adverse party for one year;

"(C) Adultery;

"(D) Extreme cruelty;

"(E) Fraudulent contract;

"(F) Any gross neglect of duty;

"(G) Habitual drunkenness;

"(H) Imprisonment of the adverse party in a state or federal penal institution under sentence to the institution at the time of filing the complaint;

"(I) Procurement of a divorce outside this state, by a husband or wife, by virtue of which the party who procured it is released from the obligations of the marriage, while those obligations remain binding upon the other party;

"(J) On the application of either party, when husband and wife have, without interruption for one year, lived separate and apart without cohabitation;

"(K) Incompatibility, unless denied by either party.

"A plea of res judicata or of recrimination with respect to any provision of this section does not bar either party from obtaining a divorce on this ground."

■ A trial court has broad discretion to determine the proper grounds for divorce, and such finding should not be reversed in the absence of an abuse of discretion. *Buckles v. Buckles* (1988), 46 Ohio App.3d 102, 546 N.E.2d 950. An abuse of discretion connotes more than just an error in judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028, 1030–1031; *Wolfe v. Wolfe* (Nov. 22, 1989), Pickaway App. No. 88 CA 18, unreported, at 6, 1989 WL 145455.

■ Pursuant to H.B. No. 129, effective August 26, 1989,[1] the new statutory divorce "ground" of "[i]ncompatibility, unless denied by either party" was set forth. Incompatibility, under R.C. 3105.01(K), is really not a "ground" that has to be proven so much as a status that must be agreed on by both parties; it is a consensual ground that is not intended to be litigated. Baldwin's Ohio Domestic Relations Law (Supp.1989) 22, Section 23.03(L). The requirement that the allegation of incompatibility not be denied by either party was included to prevent the unilateral declaration of incompatibility by one party which would otherwise give the court the jurisdiction to terminate the marriage and make all concomitant orders. *Id.* at 23.

Appellant argues that since her testimony to the effect that the parties were incompatible was uncontroverted, the trial court erred in failing to grant her a divorce pursuant to the R.C. 3105.01(K) ground of incompatibility. However, appellant's argument is meritless since: (1) the evidence adduced at trial was not uncontroverted with respect to incompatibility where appellee testified that he did not want the parties' marriage to be terminated and that he still loved appellant; and (2) appellant's testimony that the parties were

---

1. As noted by appellant on appeal, this statutory amendment was not effective until after she filed her divorce complaint in the case at bar.

incompatible amounted to nothing more than a unilateral declaration of a consensual divorce ground that was not intended to be litigated. Baldwin's Ohio Domestic Relations Law, *supra*. Appellant's first assignment of error is overruled.

Appellant's second assignment of error asserts that the trial court erred in failing to rule upon her motion for leave to amend the complaint and in failing to address said motion either upon the record, in its entry, or in its findings of fact and conclusions of law.

When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Civ.R. 15(B). For example, when a complaint for divorce is filed alleging gross neglect of duty and extreme cruelty, with evidence relative to adultery being admitted without objection, the court does not err in granting a divorce on the ground of adultery. *Moser v. Moser* (1982), 5 Ohio App.3d 193, 5 OBR 427, 450 N.E.2d 741. However, in the instant case, appellant was not entitled to a divorce on the ground of incompatibility pursuant to R.C. 3105.01(K) for the reasons stated in our disposition of appellant's first assignment of error. Accordingly, the trial court did not commit error in failing to grant appellant's Civ.R. 15(B) motion to amend her divorce complaint to conform to the trial evidence.

Additionally, although we agree that it would have been preferable for the trial court to have explicitly ruled upon appellant's Civ.R. 15(B) motion in its judgment entry and findings of fact and conclusions of law, we are persuaded that the trial court's language noting that appellant had failed to prove any cause for divorce pursuant to R.C. 3105.01 was sufficient to effectively overrule appellant's Civ.R. 15(B) motion. Moreover, the filed findings of fact and conclusions of law sufficiently apprised appellant of the basis for the trial court's judgment and further sufficiently allowed meaningful judicial review of the issues on appeal by this court. Cf., *e.g., State, ex rel. Carrion, v. Harris* (1988), 40 Ohio St.3d 19, 530 N.E.2d 1330. For the foregoing reasons, appellant's second assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STEPHENSON, J., concurs.

GREY, J., dissents.

STEPHENSON, Judge, concurring.

I concur in the judgment of the majority affirming the judgment below and only write separately to give my views with respect to appellant's argument. At the time that appellant filed her complaint, a divorce could not be granted on the ground of incompatibility. The statute was subsequently amended to add the ground of incompatibility. This occurred during the pendency of the

case. However, at no time prior to trial did appellant seek to amend her complaint. It was not until all evidence had been presented at the trial that appellant moved to amend her complaint. I do not believe that appellee was adequately notified that appellant was attempting to prove incompatibility so as to give him the opportunity to defend that claim at trial. Hence, according to Civ.R. 15(B), there could be no implied or express consent to amend the complaint. Even allowing that appellant was permitted to amend her complaint, under the circumstances appellee should be granted latitude in his testimony and his claim that he still loved his wife and did not want a divorce should be construed as tantamount to a denial of incompatibility.

Because I agree that appellant was not entitled to a divorce on the ground of incompatibility, it is unnecessary to address the issue of whether appellant was permitted to raise incompatibility in that the statute enacted allowing divorce on the ground of incompatibility did not become effective until after appellant filed her complaint, and in that pursuant to R.C. 1.48 statutes are to be given prospective effect only unless specifically made retrospective.

GREY, Judge, dissenting.

I respectfully dissent.

The majority opinion discusses the inequitable result here and calls upon the legislature to act. I believe the legislature has acted in adopting incompatibility as a ground for divorce in last year's amendment to R.C. 3105.01(K).

This is a new ground for divorce in Ohio; thus, there is little or no authority yet available upon which to rely in examining the trial court's decision. However, in 97 A.L.R.3d 989 (1980), there is an examination of decisions from other states which have used that ground for a while. From my perusal of the cases cited in the annotation, it would appear that couples have been found to be incompatible because of basic differences over religion, household economics, politics, unsociability, verbal assault, sexual habits and demands, infidelity, and unjustified accusations of infidelity. These are the sorts of problems that can arise during any marriage, but because the parties love each other, they are able to work things out. Incompatibility arises when the parties cannot work things out; *even if* they still care for each other, they simply cannot live together.

The result reached by the lower court underscores the paradox created by the language of that statute. R.C. 3105.01(K) allows as a ground for divorce:

"Incompatibility, unless denied by either party."

Thus, if the parties to a divorce agree that they are indeed incompatible, a court will grant them a divorce on that ground. However, if the parties

cannot agree upon whether they are incompatible (an action which, on its face clearly indicates that the parties are in fact incompatible), a court will deny a party a divorce on that ground. An interpretation of R.C. 3105.01(K), such as the one reached by the court below and supported by the majority, works a harsh and unjust result in cases with facts similar to those before this court.

There is absolutely no evidence that the parties here are compatible, are likely to resolve their differences, or can ever hope to return to a compatible marital relationship. Appellee does not deny that the parties are incompatible. The record contains no such denial of incompatibility, only appellee's wish that it were not so. This is not sufficient, in my mind, to find that appellant has not established incompatibility. I believe that appellant is entitled to a divorce as requested.

I would reverse the trial court and remand with directions to enter a decree of divorce, and to proceed with a division of property and setting a reasonable amount for child support.

Thus, I dissent.