OPINION
Defendant-appellant Wendy L. Byers (hereinafter "wife") appeals the May 2, 2000 Judgment Entry entered by the Stark County Court of Common Pleas, Domestic Relations Division, which granted a divorce to plaintiff-appellee Terry P. Byers (hereinafter "husband") on grounds of incompatibility, divided the parties' marital property, and considered and denied an award of spousal support to either party.
 STATEMENT OF THE FACTS AND CASE
Husband and wife were married on June 16, 1973, in Canton, Ohio. One child, who is now emancipated, was born as issue of said marriage. On January 25, 2000, husband filed a Complaint for Divorce in the Stark County Court of Common Pleas, Domestic Relations Division, asserting gross neglect of duty and extreme cruelty, as well as incompatibility as grounds. Husband filed a financial statement on the same date. Wife was served by certified mail on January 31, 2000. The trial court scheduled the matter as an uncontested trial on May 2, 2000. It is patent, although duly served with notice and process, wife did nothing to plead or advance her independent interests in the case, and all of the issues culminating in the seven page judgment entry, which includes separate findings of fact and conclusions of law. Wife did not appear at trial. Husband and Thomas Chain, husband's friend and co-worker, testified regarding the parties' incompatibility. Husband offered and the trial court admitted exhibits which included documentation of the parties' assets and liabilities, husband's proposed division of property, an amended financial statement, and the valuation of the parties' individual pensions. Via Judgment Entry filed May 2, 2000, the trial court granted husband a divorce upon the grounds of incompatibility, divided the parties' marital assets and debts, and found spousal support neither appropriate nor reasonable. To this judgment, wife assigns three errors:
 I. THE TRIAL COURT ERRED IN GRANTING A DIVORCE ON THE GROUNDS OF INCOMPATIBILITY, BASED SOLELY ON THE TESTIMONY OF THE APPELLEE.
 II. THE TRIAL COURT ERRED IN GRANTING A DIVORCE, WHERE APPELLEE'S COUNSEL ADVISED APPELLANT THAT HER PHONE CALL TO APPELLEE'S COUNSEL WAS SUFFICIENT RESPONSE TO THE COMPLAINT, AND APPELLEE'S COUNSEL DID NOT INFORM THE COURT OF HIS CONVERSATION WITH APPELLANT.
 III. THE TRIAL COURT ERRED IN FAILING TO AWARD SPOUSAL SUPPORT TO APPELLANT, WHERE THERE IS A LARGE DISPARITY IN THEIR INCOMES, AND WHERE THE COURT BASED SOME OF ITS REASONS ON ERRONEOUS EVALUATIONS.
 I
In her first assignment of error, wife contends the trial court erred in granting husband a divorce on the grounds of incompatibility when such decision was based solely upon husband's testimony. R.C. 3105.01
provides, in pertinent part: The court of common pleas may grant divorces for the following causes:
* * *
(K) Incompatibility, unless denied by either party.
Wife submits R.C. 3105.01(K) requires the affirmative consent of both marriage partners in order for a trial court to grant a divorce on the grounds of incompatibility. Wife maintains the record is devoid of any evidence indicating her consent the parties were incompatible. In the case sub judice, the testimony relative to the parties' incompatibility consisted only of the testimony of husband, and of his friend and co-worker, who agreed with husband's assessment of the marital relationship. Stretching the statute to the extent urged by wife would require a rewriting of the specific language of the statute so as to provide, in effect, that a divorce could only be granted on grounds of incompatibility when both parties agree. In support of her position, wife relies upon Lehman v. Lehman (1991), 72 Ohio App.3d 68 . We find such reliance is misplaced. In Lehman, supra, the Fourth District Court of Appeals held: Incompatibility, under R.C. 3105.01(K), is really not a "ground" that has to be proven so much as a status that must be agreed on by both parties; it is a consensual ground that is not intended to be litigated. (Citation omitted). The requirement that the allegation of incompatibility not be denied by either party was included to prevent the unilateral declaration of incompatibility by one party which would otherwise give the court the jurisdiction to terminate the marriage and make all concomitant orders. (Citation omitted). Id. at 71.
In saying the ground of incompatibility was "not intended to be litigated", the Lehman court meant a divorce on such ground could not be granted unilaterally over an objection of the other party. All the other grounds for divorce set forth in R.C. 3105.01 contemplate and allow contest as to the merits of each ground. If incompatibility is contested, the contest is over, and the claim must be dismissed. Any other interpretation of this plain statute would render, for all intents and purposes, any divorce granted upon the grounds of incompatibility void or voidable. Clearly, such result is neither found in the language of the statute nor contemplated by the legislature. Wife's first assignment of error is overruled.
 II
In her second assignment of error, wife asserts the trial court erred in granting a divorce to husband because of the information she received from husband's attorney. The error complained of is not supported by any part of the record subject to review on direct appeal. Wife's second assignment of error is overruled.
 III
In her third and final assignment of error, wife maintains the trial court erred in failing to award spousal support to her. Specifically, wife challenges the trial court's findings of fact and conclusions as to this issue. Upon independent examination, we find nothing in the findings would justify or allow this Court to reach a determination the trial court acted contrary to law or abused its discretion in applying the law to the found facts. Wife's third assignment of error is overruled.
The judgment of the Stark County Common Pleas Court, Division of Domestic Relations, is affirmed.
Milligan, V.J. Hoffman, P.J. and Farmer, J. concur