OPINION
Appellant, Daniel Hamrick, and appellee, Mary Hamrick, were married on October 17, 1998. On July 21, 1999, appellee filed a complaint for divorce. On August 5, 1999, appellant filed an answer denying the allegations and the grounds for divorce contained in the complaint and a counterclaim. A hearing was held on March 27, 2000. By final entry filed April 21, 2000, the trial court granted the divorce, finding the parties had agreed that they were incompatible. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED IN FINDING THAT THE PARTIES WERE "INCOMPATIBLE" AS THE SOLE GROUND FOR GRANTING A DIVORCE.
 II THE COURT ERRED IN HOLDING THAT $13,612.58 EXPENDED ON IMPROVEMENTS TO THE MARITAL RESIDENCE WAS TRACEABLE SEPARATE PROPERTY BELONGING TO APPELLEE.
 I
Appellant claims the trial court erred in granting the divorce on the grounds of incompatibility. We agree. R.C. 3105.01 governs grounds for divorce. Subsection (K) provides that a court of common pleas may grant a divorce for "[i]ncompatibility, unless denied by either party." In his answer filed August 5, 1999, appellant specifically denied the issue of incompatibility. Appellant pled for a divorce on the grounds of gross neglect of duty and extreme cruelty as did appellee. These grounds were not the basis of the trial court's decision as the trial court found "[t]he parties agreed that they were incompatible." See, Final Entry filed April 21, 2000 at Finding of Fact No. 3. At the commencement of the hearing, appellant's trial counsel informed the trial court that "Mr. Hamrick wishes to pursue his claims that there was not good cause to the marriage termination." T. at 4. There is no evidence that appellant stipulated to incompatibility. We have previously considered this issue in VanAtta v. Aten (March 20, 1995), Licking App. No. 94CA00064, unreported, and stated the following: Appellant acknowledges that appellee denied the issue of incompatibility in the pleadings. Further, appellant acknowledges that Lehman v. Lehman (1991), 72 Ohio App.3d 68, implies that such a general denial bars the introduction of said issue into evidence. We concur with the Lehman case that the legislature did not intend to allow the issue of incompatibility to be fought out in the arena of the courtroom. Therefore, the trial court is correct that the issue of incompatibility cannot be litigated.
Based upon our decision in VanAtta and the facts sub judice, we find the trial court erred in granting the divorce on the grounds of incompatibility. Assignment of Error I is granted.
 II
Based upon our decision in Assignment of Error I, this assignment is moot. The judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is hereby reversed and remanded.
Farmer, P.J. and Reader, V.J. concur. Edwards, J. dissents.
EDWARDS, J., DISSENTING.
While I agree with the majority that "the legislature did not intend to allow the issue of incompatibility to be fought out in the arena of the courtroom", I find no error in requiring the party who is denying incompatibility to so state that denial under oath. The procedure can be simple, straightforward and brief. The issue of grounds can be bifurcated from the rest of the issues. The party alleging incompatibility can testify that the parties are incompatible. The other party can then testify and either admit or deny incompatibility. If there is a denial of incompatibility, then the divorce cannot be granted on the ground of incompatibility. In the case sub judice, the issue of grounds was not bifurcated, but bifurcation is not required, just preferable. Nowhere in appellant's testimony is there a denial of incompatibility. I do not think that it is reversible error for a trial court in a domestic relations case to require a party who is denying incompatibility to do so under oath. In fact, it may be preferable to do so.