OPINION
Appellant, Kevin Lee Pelanda, and appellee, Dorothy Liggett Pelanda, were married on August 15, 1981. Appellant and appellee are attorneys and practiced law together. On January 24, 2000, appellee filed a complaint for divorce. Appellee claimed extreme cruelty, gross neglect of duty and incompatibility. Appellant filed a counterclaim for legal separation on the grounds of extreme cruelty and gross neglect of duty.
A hearing before a magistrate commenced on September 12, 2000. By decision filed March 16, 2001, the magistrate found both parties to be guilty of gross neglect of duty, and divided the parties' assets, including the parties' law firm and business property.
Both parties filed objections to the magistrate's decision. By decision filed July 13, 2001, the trial court sustained some of appellant's objections and overruled others. The trial court filed a final judgment entry and decree of divorce on same date.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE TRIAL COURT ERRED GRANTING A DIVORCE ON GROUNDS OF GROSS NEGLECT BASED ON APPELLEE'S EVIDENCE OF INCOMPATIBILITY AND BASED ON THE TRIAL COURT'S ASSUMPTION THAT APPELLEE COULD PROVE OTHER GROUNDS NOT ALLEGED IN THE COMPLAINT AND THAT DID NOT EXIST AT THE TIME OF TRIAL.
 II. THE TRIAL COURT ERRED BY GRANTING A DECREE OF DIVORCE WITHOUT DETERMINING THE MARITAL VALUE OF THE PARTIES' BUSINESS ACCOUNTS RECEIVABLE AND WITHOUT ALLOCATING THE RECEIVABLES TO EITHER PARTY.
 III. THE TRIAL COURT ERRED BY GRANTING A DECREE OF DIVORCE WITHOUT DETERMINING THE VALUE OF GOODWILL FOR THE PARTIES' BUSINESS.
 IV. THE TRIAL COURT ERRED GRANTING A DECREE OF DIVORCE WHEREIN IT REDUCED THE MARITAL VALUE OF REAL ESTATE ALLOCATED TO APPELLEE-WIFE BY THE BALANCE DUE ON A MORTGAGE NOTE THAT HAD BEEN DISCHARGED AS PAYMENT FOR WIFE'S SERVICES ADMINISTERING THE DECEASED NOTE HOLDER'S ESTATE.
 V. THE TRIAL COURT ERRED GRANTING A DECREE OF DIVORCE WHEREIN IT FAILED TO CALCULATE THE MARITAL VALUE OF CUSTOM-MADE JEWELRY CREATED DURING THE MARRIAGE USING MARITAL FUNDS AND WHICH INCORPORATED RAW STONES OF UNKNOWN VALUE THAT WERE WIFE'S SEPARATE PROPERTY.
Appellant's assignments of error challenge the trial court's decisions based upon the evidence presented. The trial court is provided with broad discretion in deciding what is equitable upon the facts and circumstances of each case. Cherry v. Cherry (1981), 66 Ohio St.2d 348. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 I
Appellant claims the trial court erred in granting a divorce on the grounds of gross neglect of duty. We disagree.
Essentially, appellant argues the trial court erred in concluding he was guilty of gross neglect of duty given the evidence presented at trial. Appellant argues any evidence of incompatibility should be excluded and we concur. R.C. 3105.01(K); Lehman v. Lehman (1991),72 Ohio App.3d 68; Vanatta v. Aten (March 20, 1995), Licking App. No. 94CA00064, unreported. We note appellant did not object to the testimony on incompatibility. T. at 134-140.
Each party claimed that the other was guilty of gross neglect of duty. Appellee sought a divorce and appellant sought a legal separation. Appellee stipulated that she was guilty of gross neglect of duty. T. at 135; See, also, August 4, 2000 Reply to Defendant's Counterclaim. Appellee also testified to a deteriorating marriage for the past five years. T. at 135-140. The parties have not engaged in any substantive communication at work or at home for the past two years. T. at 136-138. Appellee testified appellant had no interest in engaging in sexual relations with her. T. at 138-139. The parties had no professional, marital or social life together. T. at 137-139.
Upon review, we find this evidence sufficient to support the trial court's decision to grant appellee's request for divorce on the finding of gross neglect of duty.
Assignment of Error I is denied.
 II, III
These assignments challenge the trial court's determination on the value of the law practice. Appellant claims the trial court failed to value the business accounts receivable and include a goodwill factor for the practice. We disagree.
 ACCOUNTS RECEIVABLE
In its decision filed July 13, 2001, the trial court reviewed appellant's objection to the accounts receivable and specifically adjusted them as follows:
 The Husband's 5th objection is that the Magistrate did not award any of the accounts receivable of Liggett-Pelanda to the Husband. The testimony of regarding the accounts receivable is on page 39 and 40 and 75-77 of the transcript. Until December 31, 1999, the Husband was employed part-time as the Municipal Court Judge of Union County, Ohio and also part-time in the private practice of law with the Wife dba as Liggett-Pelanda LPA. The Husband lost the primary election in May of 1999 and his employment as municipal court judge terminated December 31, 1999. Shortly thereafter, the Husband became employed almost full-time (at least 35 hours per week) as the Municipal Court Magistrate in Delaware County, Ohio. From January 1, 2000, the Husband did not see clients in the office of Liggett-Pelanda. The Husband testified as to two accounts on which the Husband did work that were paid to the firm after the Husband left. These two accounts total $1,200.00. The Wife has in effect be (sic) awarded these accounts and not charges therefor. The Husband's 5th objection should be sustained to that extent. As to any other accounts receivable, the Husband had ample opportunity to establish a claim therefor at trial and the case should not be reopened to argue thereon.
We concur with the trial court's conclusion that appellant did not present any evidence on accounts receivable which could be attributed to his participation in the law practice. T. at 281-282, 318. It is also clear that appellant was not a full time participant in the practice even when he was the Municipal Court Judge for Union County, Ohio. T. at 137, 164-165. We note appellant was awarded a vehicle (1989 Cadillac) with an original purchase price of $12,030 which was the property of the law practice. T. at 48, 167-168.
 GOODWILL
Appellant argues a $24,420 value should be added to the value of the law practice for "goodwill." T. at 70, 333. Appellee testified she did not think the law practice had goodwill. T. at 202-203. Appellant's position was subjected to lengthy cross-examination. T. at 327-342.
The trial court chose to believe appellee's opinion on the issue of goodwill. The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. Seasons Coal Company,Inc. v. City of Cleveland (1984), 10 Ohio St.3d 77.
We note appellant was able to keep all of his clients. We find no error by the trial court in choosing appellee's testimony over appellant's.
Assignments of Error II and III are denied.
 IV
Appellant claims the trial court erred in crediting appellee with $10,890 on the value of marital property, the business property. We disagree.
It is undisputed that the business property resulted from a purchase from appellee's aunt, Betty Cuthbert. Ms. Cuthbert accepted a promissory note secured by a mortgage in the amount of $30,000. T. at 207-208, 226. Ms. Cuthbert died and at the time of her death, $10,890 remained due on the note. T. at 208; Exhibit 13-I. The trial court credited $10,890 to appellee as part of her devise from her aunt.
Pursuant to R.C. 3105.071(A)(6)(i), separate property includes an inheritance to one spouse. Appellee testified the $10,890 note was inherited by her from her aunt's estate. T. at 209-210. The trial court found the note was discharged, but was still in fact inheritance by appellee. Appellant argues the discharged amount is actually $8,886 because of post-mortem payments made during the marriage.
As we are reminded by the Supreme Court of Ohio in Briganti v.Briganti (1984), 9 Ohio St.3d 220, a trial court's property division must be viewed in its entirety. We find this argument over a $1,000 credit discrepancy to be de minimis. We find no abuse of discretion in the trial court's ruling.
Assignment of Error IV is denied.
 V
Appellant claims the trial court erred in finding custom-made jewelry to be appellee's separate property. We disagree.
The complained of items were custom-made jewelry pieces that appellee had made from raw stones. The items were appraised and assigned values. Appellant conceded the raw stones were gifts to appellee and separate property. T. at 383-384. Appellant argues that by setting the stones into jewelry pieces, the raw stones became "co-mingled" and therefore marital property. We disagree with this analysis. No value was assigned nor was any proof offered as to the cost of setting the raw stones. It is clear from the transcript wherein appellant admitted to the jewelry being appellant's separate property that he was only contesting the issue because appellee "said she wanted part of my house." T. at 383. We find no abuse of discretion in the trial court's ruling.
Assignment of Error V is denied.
The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed.
By Farmer, P.J., Edwards, J., and Boggins, J. concur.