OPINION
{¶ 1} Plaintiff-appellant Scott W. Rodgers appeals from the July 3, 2002, Judgment Entry of the Licking County Court of Common Pleas, Domestic Relations Division, dismissing plaintiff-appellant's complaint for divorce.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On August 26, 1999, appellant filed a complaint for divorce against appellee Elaine Henninger-Rodgers in the Licking County Court of Common Pleas, Domestic Relations Division. Appellant, in his complaint, alleged in paragraph four that appellee "has been guilty of extreme cruelty, gross neglect of duty and the parties are incompatible." In an answer filed on July 31, 2000, appellee denied the allegations contained in paragraph four of appellant's complaint.
 {¶ 3} Thereafter, a hearing before a Magistrate was held. At the hearing, appellee's counsel responded in the negative when asked, prior to testimony, whether the parties could stipulate as to grounds. As memorialized in a Magistrate's Decision filed on May 11, 2001, the Magistrate recommended that the parties be granted a divorce based on the parties' incompatibility. Appellee then filed objections to the Magistrate's Decision. Pursuant to a Judgment Entry filed on July 3, 2002, the trial court dismissed appellant's complaint "upon the failure to prove a cause for divorce." The trial court, in its entry, stated in relevant part as follows:
 {¶ 4} "The plaintiff filed for a divorce on August 26, 1999. Among the allegations raised in plaintiff's complaint were grounds for divorce, i.e. extreme cruelty, gross neglect of duty and incompatibility.
 {¶ 5} "On July 31, 2000, the defendant filed an answer denying each and every ground. The Court reminds the parties that the cause "incompatibility" is an exceptional cause under Ohio Revised Code 3105.01. It is not a `ground' to be proven and not to be litigated. It is a status of the marriage that must be agreed on by both parties . . ."
 {¶ 6} "As noted above, incompatibility is a status, not an evidentiary grounds to be proven. The defendant denied incompatibility in her answer andno where in the record does the defendant withdraw her denial or amend her answer.
 {¶ 7} "Further, the plaintiff failed to prove any basis for the other two grounds alleged in his complaint.
 {¶ 8} "For the foregoing reasons, the Magistrate should have granted the defendant's motion to dismiss plaintiff's complaint at the completion of his case."
 {¶ 9} It is from the trial court's July 3, 2002, Judgment Entry that appellant now appeals, raising the following assignment of error:
 {¶ 10} "The trial court erred in dismissing plaintiff-appellant's divorce complaint for failure to prove the ground of incompatibility where both parties testified that they were incompatible as husband and wife. Under these circumstances, the statutory ground of incompatibility as set forth IN O.R.C. SEC. 3105.01(K) is established."
 I {¶ 11} Appellant, in his sole assignment of error, argues that the trial court erred in dismissing appellant's complaint for divorce for failure to prove the ground of incompatibility "where both parties testified that they were incompatible as husband and wife." We agree.
 {¶ 12} R.C. 3105.01 governs grounds for divorce. Subsection (K) provides that a court of common pleas may grant a divorce for "[i]ncompatibility, unless denied by either party." "Incompatibility, under R.C. 3105.01(K), is really not a "ground" that has to be proven so much as a status that must be agreed on by both parties; it is a consensual ground that is not intended to be litigated." Lehman v.Lehman (1991), 72 Ohio App.3d 68, 71, 593 N.E.2d 447. As noted by the court in Lehman, "[t]he requirement that the allegation of incompatibility not be denied by either party was included to prevent the unilateral declaration of incompatibility by one party which would otherwise give the court the jurisdiction to terminate the marriage and make all concomitant orders. " Id. at 70.
 {¶ 13} This Court, in interpreting Lehman, has held that "[i]n saying the ground of incompatibility was `not intended to be litigated', the Lehman court meant a divorce on such ground could not be granted unilaterally over an objection of the other party. . . . If incompatibility is contested, the contest is over, and the claim must be dismissed." Byers v. Byers (Feb. 5, 2001), Stark App. No. 2000CA000159.
 {¶ 14} Upon our review of the record, we find that the trial court erred in dismissing appellant's complaint since incompatibility was not contested. As is stated above, in the case sub judice, appellant filed a complaint seeking a divorce, in part, on the ground of incompatibility. Thereafter, appellee, in her July 31, 2000, answer, denied the issue of incompatibility in her pleadings. However, at the hearing before the Magistrate, the following testimony was adduced when appellee was asked, during appellant's case, whether she believed her marriage to appellant was incompatible:
 {¶ 15} "A. At what point in time are you asking?
 {¶ 16} "Q. Today.
 {¶ 17} "A. Today, yes." Transcript of Proceedings at 15.
 {¶ 18} The following testimony was later adduced during direct examination of appellant during appellant's case:
 {¶ 19} "Q. In our prior court hearing, Elaine testified the marriage was incompatible. What is your view?
 {¶ 20} "A. I agree that we are incompatible." Transcript of Proceedings at 86.
 {¶ 21} Moreover, appellee's counsel, during cross-examination of appellant, indicated that "[g]rounds of incompatibility have been established." Transcript of Proceedings at 118. In addition, subsequently, at the conclusion of appellant's case, appellee "move[d] to dismiss his entire complaint, other than the proof of theincompatibility, for a failure to prove." (Emphasis added.) Transcript of Proceedings at 160. In short, there was no unilateral declaration of incompatibility over the objection of one party, but rather both parties testified at the hearing that they were not compatible.[1]
 {¶ 22} We find no error in having appellee testify as to whether she currently believes the parties are incompatible, even though she has previously denied incompatibility in her pleadings. If she testifies under oath and denies incompatibility, then the divorce cannot be granted on incompatibility. That simple denial ends the inquiry on that ground for divorce and there can be no further questioning regarding that ground. While we agree that the legislature did not intend to allow the ground of incompatibility to be litigated as a contested issue in the courtroom, we find no error in requiring the party who is denying incompatibility to so state that denial under oath.
 {¶ 23} Even if we had found error in allowing such testimony in the case sub judice, appellee has waived any objection to that testimony. Appellee's counsel did not object when appellee was questioned about incompatibility. Further, appellee's counsel indicated that incompatibility had been established and subsequently "move[d] to dismiss [appellant's] entire complaint,other than the proof of theincompatibility, for a failure to prove."
 {¶ 24} Appellant's sole assignment of error is, therefore, sustained.
 {¶ 25} Accordingly, the judgment of the Licking County Court of Common Pleas, Domestic Relations Division is reversed and this matter is remanded to the trial court for further proceedings.
By Edwards, J., Farmer, P.J. and Boggins, J. concurs separately.
In Re: DR — Dismissal of Complaint.
[1] In Lehman, supra., the appellant argued that the trial court erred in failing to grant her a divorce on grounds of incompatibility since her testimony to the effect that the parties were incompatible was uncontroverted. However, the court, In Lehman, held that the appellant's argument was meritless since "(1) the evidence adduced at trial was not uncontroverted with respect to incompatibility where appellee testified that he did not want the parties' marriage to be terminated and that he still loved appellant; and (2) appellant's testimony that the parties were incompatible amounted to nothing more than a unilateral declaration of a consensual divorce ground that was not intended to be litigated." Lehman, supra., at 71-72.