This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiff-Appellant Karen L. Hirt has appealed from a judgment of divorce entered in the Medina County Court of Common Pleas, Domestic Relations Division. This Court reverses and remands for further proceedings.
 I. {¶ 2} Appellant Karen L. Hirt ("Wife") and Defendant-Appellee Alan H. Hirt ("Husband") were married in December 1969. In October 2000, Wife filed a complaint for legal separation, alleging that Husband had been guilty of gross neglect of duty and extreme cruelty. Husband filed an answer denying the material allegations of Wife's complaint, and counterclaimed for legal separation, alleging that Wife had been guilty of gross neglect of duty and extreme cruelty. Wife responded to Husband's counterclaim by filing an answer that denied the material allegations thereof.
 {¶ 3} In June 2001, Husband filed a motion for leave to file an amended counterclaim, to include a claim for divorce. The trial court granted Husband's motion, and Husband thereafter filed an amended counterclaim for divorce, on the grounds that Wife had been guilty of gross neglect of duty and extreme cruelty. Wife filed an answer to the amended counterclaim, in which she denied the material allegations alleged by Husband.
 {¶ 4} The matter proceeded to trial before the court in April 2002. In June 2002, the trial court entered an order granting the parties a divorce on the ground of incompatibility, and dismissing as moot Wife's complaint for legal separation. Wife has timely appealed, asserting six assignments of error.
 II. Assignment of Error Number One "THE TRIAL COURT ERRED IN FINDING THAT THE PARTIES WERE `INCOMPATIBLE' AS THE SOLE GROUND FOR GRANTING A DIVORCE TO [HUSBAND], AND DISMISSING [WIFE'S] COMPLAINT FOR LEGAL SEPARATION AS MOOT."
 {¶ 5} In her first assignment of error, Wife has argued that the trial court erred by granting a divorce on the ground of incompatibility. Wife has contended that Husband's counterclaim for divorce did not allege incompatibility as a ground for divorce, and she denied at trial that the parties were incompatible. Given the absence of any allegation of incompatibility in the pleadings, and her express denial of incompatibility at trial, Wife has maintained that the trial court erred in granting a divorce on the ground of incompatibility.
 {¶ 6} A trial court has broad discretion in determining the proper grounds for a divorce, and a reviewing court will not reverse that determination absent a finding that the trial court abused its discretion. See Buckles v. Buckles (1988), 46 Ohio App.3d 102, 116. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 7} R.C. 3105.01 sets forth the grounds for which a trial court may grant a divorce. In particular, R.C. 3105.01(K) specifies that a trial court may grant a divorce on the ground of "[i]ncompatibility, unless denied by either party." In interpreting this provision, the Fourth District Court of Appeals has stated:
 "Incompatibility, under R.C. 3105.01(K), is really not a `ground' that has to be proven so much as a status that must be agreed on by both parties; it is a consensual ground that is not intended to be litigated. The requirement that the allegation of incompatibility not be denied by either party was included to prevent the unilateral declaration of incompatibility by one party which would otherwise give the court the jurisdiction to terminate the marriage and make all concomitant orders." (Citation omitted.) Lehman v. Lehman (1991), 72 Ohio App.3d 68, 71.
 {¶ 8} In the case sub judice, the trial court's divorce decree stated: "[Husband] testified that the parties are incompatible and though [Wife] indicated she does not want the marriage to end, she reluctantly conceded the parties' incompatibility." The court thereupon granted the parties a divorce "on grounds of incompatibility[,]" and dismissed Wife's complaint for legal separation as moot.
 {¶ 9} Wife has argued that the trial court erred in granting a divorce on the ground of incompatibility, when she denied the allegations of Husband's counterclaim for divorce and Wife did not stipulate to incompatibility. We agree. Although the trial court found that "[Husband] testified that the parties are incompatible[,]" our review of the record shows that Husband never expressly asserted incompatibility as a ground for divorce, either in his pleadings or in his testimony at trial. Moreover, the record does not support the trial court's finding that Wife "reluctantly conceded the parties' incompatibility." On the contrary, Wife specifically denied during the trial that the parties were incompatible:
"Q. [Wife's counsel] [A]re you seeking a divorce from your husband?
"A. [Wife] No, I'm not.
 "Q. All right, and do you feel that you are incompatible with him?
 "A. No, I have been very comfortable with my husband. We have been married for 32 years. If he would get rid of his girlfriend, I believe we could be compatible again.
"Q. All right, and beside that, why don't you want a divorce?
 "A. Because I believe in the vows that I took 32 years ago, and I love my husband. I have never strayed."
 {¶ 10} It appears that the trial court inferred that the parties were incompatible based on the totality of the evidence, including the parties' testimony concerning specific instances of domestic discord, Wife's affliction with multiple sclerosis, and the impairment of each party's ability to provide for the other's physical, emotional, and financial needs. However, "the legislature did not intend to allow the issue of incompatibility to be fought out in the arena of the courtroom. *** [T]he issue of incompatibility cannot be litigated." Hamrick v.Hamrick (Feb. 5, 2001), 5th Dist. No. 2000CA00149, 2001 Ohio App. LEXIS 442, at *3; see, also, Sancho v. Sancho (July 15, 1994), 3rd Dist. No. 14-94-3, 1994 Ohio App. LEXIS 3191, at *3-4. Therefore, the trial court erred in concluding that the parties were incompatible based on the evidence adduced at trial.
 {¶ 11} Husband has argued that the trial court was within its discretion to allow the introduction of evidence regarding incompatibility pursuant to Civ.R. 15(B), which provides, in pertinent part: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Since the issue of incompatibility was not properly a subject of litigation at trial, however, Civ.R. 15(B) has no application to the facts of this case. SeeLehman, 72 Ohio App.3d at 71-72 (holding that trial court properly failed to grant appellant's Civ.R. 15(B) motion to amend the pleadings because appellant was not entitled to a divorce on the ground of incompatibility, where "appellant's testimony that the parties were incompatible amounted to nothing more than a unilateral declaration of a consensual divorce ground that was not intended to be litigated").
 {¶ 12} In the case at bar, Husband did not plead incompatibility in his counterclaim and the only testimony regarding incompatibility was Wife's averment that the parties were not incompatible, and that she did not want a divorce from Husband on that or any other ground. Given the facts before us, we must conclude that the trial court abused its discretion by granting the parties a divorce on the sole ground of incompatibility. Wife's first assignment of error is well taken.
 Assignment of Error Number Two "THE TRIAL COURT ERRED IN THE VALUATION OF HIRT'S GREENHOUSE, INC. STOCK."
 Assignment of Error Number Three "THE TRIAL COURT ERRED IN FINDING THAT TRANSMUTATION HAS BEEN ABOLISHED BY THE ENACTMENT OF R.C. 3105.17.1(A)(6)(b) AND FAILING TO GRANT [WIFE] A MARITAL PROPERTY INTEREST IN [HUSBAND'S] HIRT'S GREENHOUSE, INC. STOCK."
 Assignment of Error Number Four
"THE TRIAL COURT ERRED IN ITS DETERMINATION OF SPOUSAL SUPPORT."
 Assignment of Error Number Five
"THE TRIAL COURT ERRED IN THE DIVISION OF PROPERTY."
 Assignment of Error Number Six "THE TRIAL COURT ERRED IN FINDING [WIFE] NOT ENTITLED TO ATTORNEY FEES."
 {¶ 13} Based on our disposition of Wife's first assignment of error, we decline to address her remaining assignments of error. See App.R. 12(A)(1)(c).
 III. {¶ 14} Wife's first assignment of error is sustained; we decline to address the remaining assignments of error. The judgment of the trial court is reversed, and the cause remanded for further proceedings consistent with this decision.
SLABY, P.J. and CARR, J. CONCUR.