OPINION
{¶ 1} Defendant-appellant Dawn L. Stump ("Dawn") appeals the April 20, 2007 Decision and Judgment Entry of the Court of Common Pleas of Logan County, Ohio, Family Court, Domestic Relations Division.
 {¶ 2} The defendant-appellant, Dawn, and the plaintiff-appellee, Harley L. Stump, Jr. ("Harley") were married on October 15, 1969. All children born of this marriage have reached the age of majority. On July 12, 2006 Harley filed a complaint for divorce citing incompatibility or in the alternative, gross neglect of duty. On August 11, 2006 Dawn filed an answer denying the allegations in the complaint and requesting that the court dismiss the complaint for divorce.
 {¶ 3} This matter came before the trial court for a hearing on March 22, 2007. On April 20, 2007 the trial court rendered its decision granting the divorce on the grounds of incompatibility and dividing the marital property pursuant to the balance sheet submitted by Harley. The trial court also awarded Dawn monthly spousal support in an amount of $223.00 per month for a period of nine years.
 {¶ 4} Dawn now appeals asserting two assignments of error.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ITS RULING WHEN IT GRANTED THE PLAINTIFF A DIVORCE ON THE GROUNDS OF INCOMPATIBILITY *Page 3 
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ITS RULING WHEN IT DETERMINED THE ALLOCATION OF DEBTS AND ASSETS OF THE MARRIAGE AND IN FAILING TO ORDER AN EQUITABLE DISTRIBUTION OF PROPERTY PURSUANT TO R.C. 3105.171
 {¶ 5} In her first assignment of error, Dawn contends that the trial court abused its discretion in granting Harley a divorce on the grounds of incompatibility. This Court has previously held that a trial court has broad discretion in determining the proper grounds for divorce.Fox v. Fox (May 9, 1997), 3rd Dist. No. 3-96-27.
 {¶ 6} R.C. 3105.01 provides that "[t]he court of common pleas may grant divorces for the following causes . . . incompatibility, unless denied by either party." We note that in her answer, Dawn denied that the parties were incompatible. However, at the hearing Dawn's attorney, John Lawrence, stipulated to incompatibility as a ground for divorce.
Q. Let me ask this before I go forward.
 Mr. Fansler: Mr. Lawrence, can we stipulate that incompatibility is a basis to go forward?
 Mr. Lawrence: Yes, I think we can.
 Mr. Fansler: All right. I will skip those questions, then. Okay.
(Tr.p. 22). "Incompatibility, under R.C. 3105.01(K), is really not a "ground" that has to be proven so much as a status that must be agreed on by both parties; it is a consensual ground that is not intended to be litigated." Rodgers v. Henninger Rodgers, 5th Dist. No. *Page 4 
02CA79, 2003-Ohio-2642 citing Lehman v. Lehman (1991),72 Ohio App.3d 68, 71, 593 N.E.2d 447. Here, we find that the parties stipulated on the record to incompatibility as a ground for the divorce. "When the parties have agreed, without objection and with the judge's approval, to enter into stipulations for the record, the court will not consider objections to such stipulations on appeal." DiGuilio v. DiGuilio, 8th Dist. No. 81860, 2003-Ohio-2197, at ¶ 32. We cannot find that the trial court abused its discretion in granting a divorce on the stipulated to ground of incompatibility. Dawn's first assignment of error is overruled.
 {¶ 7} In her second assignment of error Dawn argues that the trial court failed to take into account additional debts that she had listed on her Affidavit of Income and Expenses. In divorce proceedings, the trial court must determine what constitutes marital and separate property. R.C. 3105.171(B). A trial court enjoys broad discretion in crafting an equitable division of marital property in a divorce proceeding. R.C. 3105.171(C)(1); Holcomb v. Holcomb (1989),44 Ohio St.3d 128, 131, 541 N.E.2d 597. The trial court must consider both the assets and liabilities in an equitable division of marital property, which necessarily implicates an equitable division of marital debt. R.C.3105.171(F)(2).
 {¶ 8} A trial court's allocation of marital property and debt will not be reversed absent an abuse of discretion. Holcomb, supra at 131. An abuse of discretion connotes more than a mere error of judgment; it implies that the trial court's attitude is arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, *Page 5 450 N.E.2d 1140. When applying this standard of review, we may not freely substitute our judgment for that of the trial court. Id.
 {¶ 9} We note that throughout these proceedings, the only mention of Dawn's claimed $17,584.70 in debts was on her Affidavit of Income and Expenses. No documentation of these debts was included in the record before this Court, or introduced at the hearing on this matter. Moreover, no mention of these additional debts was made at the hearing, even though the parties agreed to the admission of a balance sheet which did not contain any mention of these additional debts. Specifically, the trial court inquired about the accuracy of the balance sheet.
 The Court: So if I understand then, the only disputed value on this proposed Exhibit 1 [the balance sheet] is the house value?
 Mr. Lawrence: Yes, the house value.
 * * *
 The Court: Then it would seem the issues that we need to take some testimony on would be the issue of the house values and what — whether either of you have anything else to take your positions on besides those that have been proposed here in exhibits.
(Tr.p. 14).
 {¶ 10} Neither Dawn nor her counsel made any objections to this characterization of the settlement. This Court further notes that there was no mention of any credit card debt on Exhibit 1, the balance sheet, which was admitted without objection by Dawn or her counsel. (Tr.p. 32). Based on these facts, we cannot say that the trial court abused its *Page 6 
discretion in omitting from its consideration, debts which were not raised before the court.
 {¶ 11} Accordingly, Dawn's second assignment of error is overruled. The judgment of the Court of Common Pleas of Logan County, Ohio, Family Court Domestic Relations Division is affirmed.
Judgment affirmed.
 ROGERS, P.J., and PRESTON, J., concur. *Page 1