HIRSCHL, D. B. A. DIAMOND FURNACE CO., *v.* RICHARDS ET AL.

(Decided October 3, 1927.)

*Messrs. Lieghley, Halle, Haber & Berick* and *Mr. Philip Novitch*, for plaintiff in error.

*Messrs. Davis, Young & Vrooman*, for defendants in error.

VICKERY, J.   This action comes into this court on a petition in error to the common pleas court; the purpose being to reverse the judgment in favor of the defendants in error against the plaintiff in error.

It seems that the plaintiff in error had a contract to install a furnace and pipes for the heating of a certain house owned by the defendants below, for a contract price of $475; that $79 was to be paid at once, and the remainder in payments of $33 a month; that, after the contract was made, the furnace was installed, and the sum of $79 was paid, and subsequently another payment of $20 for extras was likewise paid, making in all $99 that had been paid. The contract for installing this furnace contained a covenant of warranty.   Just what the warranty was

is not so important, but it was to the effect that it would heat the house to a certain degree of temperature. After the furnace was installed and the payments were made, as before stated, the defendants below refused to pay anything further, and defaulted on the payments for the installation of this furnace, whereupon the note that was given, having an acceleration clause, was put into judgment, it being a cognovit note. After said judgment was entered on the cognovit note, a motion was made to vacate such judgment, a defense on paper was presented; and the court, after due consideration, vacated the judgment, and permitted the defendants below to file an answer, setting up several so-called defenses; breach of warranty being among them.

To this a reply was filed, and the issues were made up. The case went to trial in the common pleas court before one of the judges and a jury, and, after the evidence and arguments were all in, and the court had charged the jury, a verdict was rendered against the plaintiff, and judgment for the defendants was rendered on the cross-petition for $99, the amount of money that they had theretofore paid to the plaintiff, and a judgment rendered for defendant upon the note. It is to reverse that judgment that error is prosecuted here.

We have gone over this record and heard the arguments of counsel, and we have come to the conclusion that the judgment must be reversed. There are several reasons why this must be so. In the first place, the court seemed to consider this a sale of a piece of personal property, and that the Sales Act (Sections 8381 to 8456, General Code) applied, and he quotes some ten or fifteen sections of the Sales

Code as applicable to this case. In the second place, the court dwelt at length on the question of rescission, and, really, if one were to say upon what theory the case was decided under the charge of the court, it must have been upon the doctrine of rescission.

Now the record shows that this furnace was installed under a contract of warranty, and the evidence from the experts shows that it would have cost in all about $50 to put this furnace in such a condition that it would comply with the warranty. It must be remembered that this furnace was installed, and still remains installed, in that house, and, so far as it appears, is doing the work for which it was purchased and installed. There never was any offer to return this property, and the result of the lawsuit is to the effect that the defendants have the furnace installed in their house and have a judgment to recover the money that had been paid upon it, and this, too, it must be remembered, without any rescission of the contract, offer to rescind, or offer to put the other person *in statu quo*. If there was a breach of the warranty as to what this furnace would do, *that* could be compensated as damages. The defendant should have proven his damages, and would have been entitled to recoupment to that extent, and no more. In any event, he was not entitled to recover the money back and keep the furnace, too.

The judgment of the court on the verdict of the jury is therefore clearly wrong, and the same will be reversed and the cause remanded to the common pleas court for a new trial, for the following reasons:

First. That the court was wrong in charging the doctrine of rescission.

Second. That the court was wrong in charging the Sales Act, or any of the sections thereof.

Third. That the verdict is not sustained by sufficient evidence.

*Judgment reversed and cause remanded.*

SULLIVAN, P. J., and LEVINE, J., concur.