**TRAJCEVSKI, d.b.a. Akron York Development Co., Appellant,**

v.

**BELL, Appellee.**

[Cite as *Trajcevski v. Bell* (1996), 115 Ohio App.3d 289.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17792.

Decided Oct. 16, 1996.

*Robert A. Edwards,* for appellant.

*E. Marie Wheeler,* for appellee.

REECE, Presiding Judge.

Appellant, Marko Trajcevski, d.b.a. Akron York Development Company, appeals from a judgment of the Summit County Court of Common Pleas in favor of appellee, James D. Bell, on Trajcevski's breach of contract claim and Bell's counterclaim. We affirm in part and reverse in part.

On May 6, 1991, Akron York Development Company, through Trajcevski's son Steve, entered into an agreement with Bell in which Akron York agreed to construct a twenty-five-thousand-square-foot steel shell building for $157,000. Most of the construction was to be done by subcontractors, and Steve was to coordinate their work. Steve had induced the agreement by representing himself to Bell and his friend John Lich as an architect and the owner of Akron York, who had prior experience constructing steel shell buildings, when in fact none of these representations was true.

From the beginning, the project did not run smoothly. There were problems with the excavation that required extra work and caused delays. Bell was also unsatisfied with the quality of the initial foundation block work. Akron York apparently corrected this problem by replacing the subcontractor that was doing the foundation work.

During the excavation process, Bell planned to move fill dirt to a nearby swampy area of his property. Steve informed Lich that federal wetlands regulations required a permit to fill the swamp. Consequently, Steve entered into an agreement with Bell that he would obtain the necessary permit for a fee of $3,800. Bell wrote a check for $3,800 to Akron York. Steve later admitted that no such permit was required, and although he agreed to refund the $3,800, he never did.

As time progressed, so did the problems. Bell began receiving complaints from the subcontractors that Akron York had not been paying them. To prevent further delays in the subcontractors' work, Bell began paying them directly. This, coupled with the fact that Akron York was claiming that Bell owed thousands of dollars in disputed expenses, caused Bell to terminate his agreement with Akron York.

Marko Trajcevski, d.b.a. Akron York, brought this action against Bell for breach of contract, alleging that Bell still owed over $19,000 on the project. Bell counterclaimed for breach and fraud, seeking compensatory and punitive damages. Bell also filed a third-party complaint against Steve Trajcevski and later obtained a default judgment against Steve on the issue of liability.

The matter was referred to a magistrate. Following a hearing, the magistrate found that Trajcevski had breached the contract, but that Bell had proven damages only in the amount of $3,800, the wetland permit fee. Both parties filed timely objections.

The trial court sustained Bell's objections in part, reasoning that because the contract had been induced by Steve's fraud, Bell was entitled to rescind the contract and recover all that he had paid Trajcevski. Therefore, the trial court

increased the damage award to $38,800. The trial court approved and adopted the magistrate's report in all other respects.

Trajcevski appeals and raises four assignments of error. We will address them out of order for ease of discussion.

■ Trajcevski's fourth assignment of error is that the trial court erred in granting rescission of the contract because Bell was unable to return what he received under the contract. Because the parties could not be returned to their original positions, rescission was inappropriate. We agree.

■ The primary purpose of rescission is to return the parties to their original positions before the contract was formed. *Mid–America Acceptance Co. v. Lightle* (1989), 63 Ohio App.3d 590, 599, 579 N.E.2d 721, 727. Generally, a party who has been fraudulently induced to enter a contract may either rescind the contract or sue for damages on the contract, but he cannot do both. *Id.* One is not entitled to retain the benefit of the bargain and receive a full refund of the consideration he paid. *Hirschl v. Richards* (1927), 28 Ohio App. 38, 41, 162 N.E. 616, 617.

The trial court adopted the magistrate's finding that Bell had proven no damages flowing from Trajcevski's breach of the building contract. Implicit in that finding is a determination that Bell received a benefit worth the $35,000 he allegedly paid. Bell cannot accept this $35,000 benefit and at the same time rescind the contract. Because Bell is unable to return the building, rescission is not a remedy available to him. See *Celinski v. Benke* (Feb. 25, 1994), Ashtabula App. No. 93–A–1773, unreported, 1994 WL 102225; *Watch What Develops Franchise Concepts, Inc. v. Custom 1–Hour Photo, Inc.* (Oct. 17, 1990), Summit App. No. 14592, unreported, at 13, 1990 WL 163950. Therefore, because it was not an available remedy in this situation, the trial court erred in granting rescission of the contract. The fourth assignment of error is sustained.

Through his first and third assignments of error, Trajcevski challenges line by line certain factual findings and legal conclusions of the magistrate as adopted by the trial court. Many of the findings he challenges, however, were not prejudicial to him even if they were erroneous. For example, Trajcevski challenges the trial court's finding that Trajcevski was responsible for certain problems with the excavation work. Because Trajcevski's breach was not based on this problem and none of the damages stemmed from this finding, any error was not prejudicial. Trajcevski also assigns error to the trial court's determination of when he breached the contract. He does not directly challenge the finding that he breached the contract, merely the determination of when the breach occurred. Because no damages were awarded to Bell based on Trajcevski's breach of the main contract, any error in the exact date of the breach was not prejudicial.

The allegations of prejudicial error in the trial court's findings involve the court's conclusions (1) that Trajcevski was responsible for the building permit, (2) that Trajcevski failed to prove any of his alleged damages, and (3) that Trajcevski owed Bell $3,800 for the fraudulent wetlands permit fee.

Trajcevski challenges the trial court's finding that he was responsible for the building permit fee. Although no damages stemmed from this finding, Trajcevski had based part of his claim on his allegation that he paid the $1,900 building permit fee as an extra expense. Trajcevski points to evidence that the building permit was not addressed in the written contract. Although the permit fee was not part of the written contract, there was evidence that the parties had agreed that Steve would get the building permit and that the cost would be included as part of the contract price. Such an arrangement conformed with the common practice in this industry.

Trajcevski also disputes the trial court's finding that he failed to establish his claim, but he points to nothing in the record other than his own testimony to substantiate his allegation that Bell still owed him over $19,000 for additional expenses. There was disputed evidence on most of these expenses regarding who had responsibility for them, whether they were included in the contract price, and who ultimately paid them. As the magistrate noted on the record, Trajcevski failed to present adequate documentation that he had actually incurred any of these expenses.

The finding that Trajcevski was liable for the $3,800 permit fee was supported by substantial evidence. Bell and Lich testified to the following events. While the building site was being graded, Bell intended to move the excess dirt to a nearby swampy area of his property. Steve Trajcevski told Lich that federal wetlands regulations required a permit before Bell could move the fill dirt to the swamp. Steve represented that he would obtain the necessary permit for a fee of $3,800. Bell and Steve entered into a written agreement, and Bell wrote a check for $3,800 to Akron York. Both the agreement and the canceled check were admitted into evidence. Bell and Lich later discovered that there was no fee for such a permit and that no permit was even required in this situation. Bell confronted Steve, who admitted he was wrong and agreed to refund the $3,800. The money was never returned. Although Marko Trajcevski testified that he knew nothing about this collateral agreement, he admitted that Steve was authorized to act on behalf of Akron York on this project. In fact, the evidence demonstrated that Steve Trajcevski was the only representative of Akron York with whom Bell and Lich ever dealt.

Because the trial court's findings were supported by competent, credible evidence, we cannot reverse them as being against the weight of the evidence.

*C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus. The first and third assignments of error are overruled.

■ Trajcevski's second assignment of error is that the trial court erred in allowing the testimony of John Lich, a witness who had not been identified prior to trial. Apparently due to a clerical error, the name John Lynch appeared on Bell's witness list when in fact the witness's name was John Lich. Trajcevski contends that the trial court should have excluded the testimony as a sanction for Bell's failure to comply with a pretrial discovery order.

■ Although the trial court may exclude the testimony of an undisclosed witness as a sanction under Civ.R. 37, such a severe sanction is appropriate only when the failure to disclose the witness caused unfair surprise with resulting prejudice to the opposing party. *Anderson v. Lorain Cty. Title Co.* (1993), 88 Ohio App.3d 367, 376, 623 N.E.2d 1318, 1324–1325.

The error in the identification of Lich did not likely cause unfair surprise to Trajcevski. This was not a complex case involving numerous witnesses. The few witnesses were personally known by both parties as players in this dispute. As Lich was essentially Bell's right-hand man and was directly involved with the agreement at issue, Trajcevski should have realized that he would be called as a witness and that "Lynch" was in fact "Lich."

Even if Trajcevski did not realize the error, he failed to demonstrate any prejudice resulting from the misidentification of this witness. He admittedly made no attempt to contact "John Lynch." Once Lich was correctly identified, Trajcevski did not request a continuance to prepare his case, nor, when asked by the trial court on the record, was he able to explain how he was prejudiced by the improper identification. Therefore, the trial court did not abuse its discretion by allowing Lich to testify. The second assignment of error is overruled.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

DICKINSON and SLABY, JJ., concur.