OPINION
{¶ 1} This is the second appeal arising from Stark County Common Pleas Case No. 1999CV02904.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The history of this cause is set forth in the prior appeal being Case No. 2001CA00076 and will not be repeated but will be supplemented as to subsequent events and rulings as are pertinent.
 {¶ 3} In addition, at the presentation of the oral arguments on this appeal, counsel for appellant reminded this scrivener that he had presided over the jury trial of this cause but indicated that the present appeal arose over later rulings and no conflict or implication thereof would arise.
 {¶ 4} In this Opinion the parties will be identified as FIMCO and LaPine respectively.
 {¶ 5} After this Court's ruling of affirmation in Case No. 2001CA00076, appellant deposited $139,947.18 with the Clerk of Common Pleas Court in full satisfaction of the Judgment and interest. (See Entry releasing irrevocable letter of credit of 1/25/02).
 {¶ 6} Thereafter, appellant filed a motion for turnover order to require appellee (cross appellant) FIMCO to deliver the truck in question, re-assign the certificate of title and assign to LaPine any policies of insurance it may have carried on such vehicle while title resided in FIMCO.
 {¶ 7} The trial court (Judge Brown) as to such motion ruled:
 {¶ 8} "The Court finds that all of the issues between the parties in regard to the truck have been resolved by the litigation in this case or should have been brought as counterclaims and therefore, all of the rights and duties of the parties in regard to the truck have been fully litigated, adjudicated, and appealed. The Court Orders the Plaintiff to sign the title to the truck over to the Defendant without further obligation in regard to any additional matter."
 ASSIGNMENTS OF ERROR {¶ 9} Lapine now raises four Assignments of Error:
 I. {¶ 10} "UPON SATISFACTION IN FULL OF THE TRIAL COURT'S MONETARY JUDGMENT, LAPINE WAS ENTITLED TO RESTORATION OF THE CERTIFICATE OF TITLE AND THE MOTOR VEHICLE. IF THE VEHICLE WAS NOT AVAILABLE FOR RESTORATION, LAPINE HAD A RIGHT TO ASCERTAIN WHETHER THERE WAS APPLICABLE INSURANCE COVERAGE PERTAINING TO SAID 1990 FORD TRUCK. (JUDGMENT ENTRY OF MARCH 22, 2002, TAB 5)"
 II. {¶ 11} "THE RISK OF LOSS PERTAINING TO THE 1990 FORD TRUCK RESTED WITH FIMCO, NOTWITHSTANDING ITS RESCISSION OF THE PURCHASE AGREEMENT WITH LAPINE. (JUDGMENT ENTRY OF MARCH 22, 2002, TAB 5)"
 III. {¶ 12} "THE TRIAL COURT ERRED IN DENYING LAPINE'S MOTION FOR COPIES OF FIMCO'S MOTOR VEHICLE INSURANCE POLICIES. (JUDGMENT ENTRY OF MARCH 22, 2002, TAB 5)"
 IV. {¶ 13} "THE TRIAL COURT ERRED IN DETERMINING THAT LAPINE'S RIGHT TO THE TRUCK CONSTITUTED A COMPULSORY COUNTERCLAIM AND, NOT HAVING FILED SUCH A COUNTERCLAIM, WAS THUS PRECLUDED FROM OBTAINING ANY INSURANCE DOCUMENTS. (JUDGMENT ENTRY OF MARCH 22, 2002, TAB 5)"
 {¶ 14} FIMCO as cross appellant presents one Assignment of Error:
 I. {¶ 15} "THE TRIAL COURT ERRED IN ORDERING FIMCO TO RETURN THE TRUCK TITLE TO LAPINE
 {¶ 16} "(1) LAPINE'S CLAIM FOR THE TRUCK IS BARRED CIV. R. 13(A)
 {¶ 17} "(2) THE ISSUES PRESENTED BY LAPINE'S "MOTION FOR TURNOVER ORDER" WERE NOT PROPERLY BEFORE THE TRIAL COURT."
 I. {¶ 18} In addressing each Assignment of Error we look to the salient features of the case sub judice as opposed to the aspects of certain of the cited cases, i.e. possession of the vehicle had not been acquired by FIMC. This was determined by this Court in the prior appeal. It is true that the certificate of title had been transferred but, again as set forth in the prior appeal this was accomplished by LaPine on March 27, 1997 subsequent to the letter of rescission of March 25, 1997.
 {¶ 19} Hughes v. Al Green, Inc. (1981), 65 Ohio St.2d 110, cited by appellant, differs significantly in that in Hughes the buyer took immediate possession of the vehicle.
 {¶ 20} Another case cited by appellant is Saturn of Kings Automallv. Mike Albert Leasing, Inc. (2001), 92 Ohio St.3d 513. This case does not support appellant's indication of an apparent conflict between R.C. § 4505.04 and sections of the Uniform Commercial Code as it clearly holds that R.C. § 4505.04 "was intended to apply to litigation where the parties were rival claimants to title, i.e., ownership of the automobile." Such decision in this regard also relied on Hughes supra.
 {¶ 21} Such is not present here. No litigation as to rival claims to ownership were presented. This cause involved rescission of a contract to purchase and loss of profits, not an assertion of ownership.
 {¶ 22} Therefore, R.C. § 4505.94 is totally inapplicable.
 {¶ 23} The questions then become the risk of loss, the insurable interest and the insurance carried by FIMCO.
 {¶ 24} We must remember that the placement of the truck with Canton Spring Co. was done by LaPine for the purpose of making modifications, which, as stated in the prior decision of this Court, "the specifications were a condition precedent to the sale."
 {¶ 25} Revised Code § 1302.42 (B) states:
 {¶ 26} "(B) Unless otherwise explicitly agreed, title passes to the buyer at the time and place at which the seller completes performance with reference to the physical delivery of the goods, despite any reservation of a security interest and even though a document of title is to be delivered at a different time or place; and in particular and despite any reservation of a security interest by the bill of lading: . . ."
 {¶ 27} Even R.C. § 1302.53(D) in speaking of the risk of loss passing to a buyer provides that the contrary agreement of the parties controls.
 {¶ 28} Since this Court has previously determined that the agreement of the parties required a watertight bed of the vehicle as a condition precedent, the risk of loss remained with the seller (LaPine). This is further evidenced by the necessity to deliver a release on March 12, 1997 authorizing delivery to FIMCO.
 {¶ 29} As LaPine retained the risk of loss, and therefore an insurable interest, it could have obtained insurance protection as to the unexplained loss of the vehicle.
 {¶ 30} Clearly, the arrangements between FIMCO and the lender providing purchase funds involved insurance between such parties, not involving LaPine.
 {¶ 31} This risk of loss remaining with LaPine is also apparent inLykins Oil Co. v. Fekkos (1986), 30 Ohio Misc.2d 37, cited by appellant which holds:
 {¶ 32} "Thus, where a buyer has taken possession of goods prior to rejection, the goods so nonconforming that the right to reject them arises, the risk of loss remains on the seller unless through the buyer's negligence they are lost, stolen or destroyed. The actual risk of loss never actually shifts, but liability of the buyer arises upon his failure to exercise reasonable care for the goods' preservation until such time as the seller removes the goods rightfully rejected."
 {¶ 33} Here, as previously determined, FIMCO had not taken possession and no duty to exercise reasonable care for the vehicle arose as this would have resided in LaPine or the modification company it had selected.
 {¶ 34} We agree obviously with the quoted statements by appellant from 18 Ohio Jurisprudence 3d, Contracts, section 272 and the holding ofTrajcevski v. Bell (1996), 115 Ohio App.3d 289 to the effect that, upon rescission, one may not retain the benefits received. However, in this case nothing was received by FIMCO except the bare title. The vehicle was never placed in its possession.
 {¶ 35} We therefore agree with Judge Brown that LaPine is entitled to the re-assignment of the certificate of title but that FIMCO is not obligated to return the missing truck nor to assign any insurance policies to LaPine. Whether LaPine has any recourse as to Canton Spring Co. is not a question before this Court.
 {¶ 36} We find it unnecessary to determine whether Civ.R. 13(A) required a mandatory counterclaim as to the truck and insurance purchased by FIMCO.
 {¶ 37} We therefore reject each of the four Assignments of Error of appellee and the sole Assignment of Error by the cross-appellant, FIMCO.
 {¶ 38} This cause is affirmed.
By: Boggins, J., Gwin, P.J. and Farmer, J. concur.